EDWARD FAY *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

February 20, 1883.

**Master and Servant—Duty to Provide Suitable Instrumentalities— Defective Car Received by one Railroad from Another.**—The defendant received into its service, from another railway company, a freight car which proved to be in disrepair, and which it neglected to inspect and repair within a reasonable time thereafter. The plaintiff, a brakeman, in attempting to couple the car in question with another car, was severely injured in consequence of its defective and imperfect condition, which was not known to him, but was discoverable on proper inspection. *Held,* that, as respects such defects, the company were answerable for the same degree of care and diligence in the management and use of a foreign car received into its service as in the case of its own cars in like circumstances.

**Same—Duty cannot be Delegated to Servant.**—The duty to provide suitable instrumentalities for its employes to work with cannot be delegated to a servant, so as to relieve the company from responsibility; and this duty extends to the machinery, cars, and railway track, upon or in connection with which they are employed.

**Same—Unpublished and Unenforced Rule.**—An employe is not bound by a rule of the company which has not been properly published or brought to his attention, and which it has habitually neglected to enforce.

Appeal by defendant from an order of the district court for Ramsey county, *Simons, J.,* presiding, refusing a new trial.

*J. D. Springer* and *O'Brien & Wilson,* for appellant.

*O'Brien, Eller & O'Brien,* for respondent.

VANDERBURGH, J. The respondent, a brakeman in the employ of the railway company, appellant, while engaged in coupling cars, sustained an injury to his hand, caused by the condition of the coupling attachment of one of the cars, which, he alleges, had been suffered to remain out of repair through the negligence of the company. The car did not belong to the company, but was a foreign car in its possession and use. The injury is admitted, but the negligence is denied. The evidence tended to prove the following facts: At the time of the accident, this car had been in the company's yard at

Minneapolis about one week, and out of repair. The draw-bar of the coupling attachment was loose or broken, so as to slide back when it was brought in connection with the draw-bar of the forward car, when plaintiff undertook to effect a coupling, so as to allow the draw-bar of the latter to press directly against the "dead-wood,"—a wooden block fastened to the end of the car,—so that respondent's hand was thereby suddenly caught between the end of the draw-bar of the approaching car and the "dead-wood," and seriously injured. The company had in its employ a car inspector, whose duty it was to be present in the yard daily, and to inspect all cars and mark those needing repairs. The defect in this car was readily discernible upon proper inspection, and the evidence tended to show that it had existed a considerable length of time, and that plaintiff had no notice of it, and was injured in consequence of it. The car appears to have been used by the company in the same manner and kind of service as its own cars.

Among the rules of the company governing the conduct of employes at the time, was one which provided that "coupling by hand is strictly prohibited. Employes who couple cars will furnish themselves with a stick necessary for the purpose." The plaintiff denied that he had notice of any such rule, and there is no evidence that he had. The most that appears is that the rules were printed on time-cards, and were given to the heads of departments and local agents, to be distributed to the several employes under their charge. But it does not appear that they were given to plaintiff, or that his attention was ever called to them. And the evidence, which is uncontradicted, also tends to prove that the usual method of coupling cars by the employes of the company, in so far as the plaintiff knew, was by hand, with the knowledge and acquiescence of his superiors, and without any suggestion of the existence of any other rule or practice. The jury found for the plaintiff, and from the order denying a new trial defendant appeals.

1. The jury were warranted in finding, from the length of time the car had been in its possession, that the company was chargeable with notice of its condition, and with negligence in suffering it to remain in disrepair.

2. This car being in the possession of the company, and used by it in its business, the company was answerable for the same degree of care and diligence in its management and use as in the case of its own cars under like circumstances. We are not, however, speaking of latent defects in construction or materials, not discoverable upon reasonable inspection.

3. The company is responsible for the negligence of the car inspector. The duty to provide safe and suitable instrumentalities for its employes to work with, is one which it cannot delegate to a servant, so as to be relieved from responsibility; and this extends to the track, and the condition of the cars and machinery upon or in connection with which they are employed. *Drymala* v. *Thompson*, 26 Minn. 40; *King* v. *Ohio, etc., R. Co.*, 14 Fed. Rep. 277.

4. The evidence disclosed fully the facts in reference to the manner in which the accident occurred, as well as the condition of the coupling attachment. The question of contributory negligence, raised by the defendant, was for the jury upon these facts, unless it be determined, as matter of law, that the plaintiff was guilty of contributory negligence in failing to comply with the above-mentioned rule. But it does not appear that the plaintiff was violating any duty while performing this service. It is not shown that the rule in question was ever properly published, so as to bring knowledge of it to the plaintiff, or that he was ever put upon inquiry as to its existence; and the usage and practice of the company would, on the contrary, tend to mislead him. Wood on Master & Servant, § 401; *Sprong* v. *Boston & Albany R. Co.*, 58 N. Y. 56. Notice to the yard-master, or other officers or agents, was not, *per se*, notice to him of the existence of such a rule, and the plaintiff ought not to be permitted to suffer from the negligence of the company in the publication of its rules, or its laxity in their enforcement. In this view of the case it becomes immaterial to consider the question whether the rule was abrogated or not.

Order affirmed.