JOHN ALBERT ANDERSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 15, 1907.

Nos. 15,378—(106).

**Contributory Negligence—Refusal to Disturb Verdict.**

Plaintiff was injured by the action of a switching crew in pushing other cars against a car which he was engaged in repairing on a "rip" track. The printed rules required repair men to post a blue flag as a protecting signal. Plaintiff's testimony tended to show that the foreman instructed him that it was the duty of the first man who went to work to post the flag, that this was the practice, and that in this case a particular co-laborer was the first man to begin the work. The court charged the jury

[1]Reported in 113 N. W. 913.

that plaintiff could not recover if he knew of the printed rule, and submitted the question of whether he was guilty of contributory negligence in believing that his co-laborer was the first man to begin work and that he had posted the flag. The jury returned a verdict for the plaintiff. The action of the trial court in refusing to disturb the verdict is sustained.

Action in the district court for Polk county to recover $10,000 for personal injuries sustained by plaintiff while acting in the capacity of car repairer for defendant. The case was tried before Watts, J., and a jury which found a verdict in favor of plaintiff for $350. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*M. L. Countryman,* for appellant.

*Martin O'Brien* and *Charles Loring,* for respondent.

JAGGARD, J.

Plaintiff had a verdict in an action for personal injuries. Defendant appealed from a judgment entered after the court had denied its motion for judgment notwithstanding the verdict. Plaintiff, a car repairer, made needed repairs on cars placed for that purpose on a repair or "rip" track. The printed rules of the company required the laborers engaged in such work to protect themselves by conspicuously displaying a blue flag. That flag, when posted upon or near cars upon a repair track, was a known signal that car repairers were at work upon that track, and was an absolute prohibition against moving any of the cars thereon, or pushing or switching any other cars against them. While plaintiff was engaged at work on the track, a switching crew pushed other cars upon the repair track, and against the car on which he was working, and injured him. The alleged negligence of defendant was the failure of the first man who went to work on the repair track to post the blue flag.

The first of defendant's principal contentions is as follows: That "an employee is bound to obey all of the reasonable rules of his employer with reference to the conduct of his business. Disobedience of such rules, if it contributes directly to the injury of the employee, conclusively charges him with negligence, which will bar any recovery of damages for his injury." Plaintiff relied on alleged custom that the first man who went to work on the track should post the flag. This

was at variance with the printed rules of the employer. Such custom, to be of any effect, must be established by satisfactory evidence showing that it was in general and uniform operation and as a recognized substitute for the requirements of the rule. In the case at bar, the plaintiff's testimony on this point did not conform to the required standard. There can be no controversy as to the correctness of the legal principles as stated in this argument. The immediate question, however, is how far they apply to the facts in this particular case. The court distinctly charged the jury that, if the plaintiff "knew [the printed rules] at the time he was injured, he cannot recover." There was testimony tending to show that the printed rules were not read to him, and that a rule differing from them was in force, and was given to the plaintiff by the foreman when he went to work, viz., that the first of a number of men who went to work on the repair track should post the flag. It is elementary that an employee is not bound by a rule of the employer which is not properly published or brought to his attention, and which it has habitually neglected to enforce. Fay v. Minneapolis & St. L. Ry. Co., 30 Minn. 231, 15 N. W. 241. A fortiori, he is not bound by such a rule where the foreman has instructed him otherwise. The conclusion of the trial court on this point must be sustained.

The second contention of the defendant is that the plaintiff was guilty of contributory negligence in this: That he had no reason to suppose that a particular one of his co-laborers, named Vig, was the first man to begin work, or that Vig had posted the flag. The court charged that "if you find that ordinary prudence would not require that he [plaintiff] should find out whether the flag was there when Martin Vig had gone to work under the cars, if he did go to work there before this plaintiff went to work, then the plaintiff would be entitled to recover." We have examined the evidence in this connection. We are of the opinion, as a result of that examination, that the court was justified in submitting the question of contributory negligence of the plaintiff in this regard to the jury, and that there was evidence sufficient to sustain the finding of the jury against the defendant.

Affirmed.