PETER O. BERGLUND v. ILLINOIS CENTRAL RAILROAD COMPANY.[1]

December 24, 1909.

Nos. 16,297—(143).

**Foreman As Such Not A Fellow Servant.**
The foreman is not the fellow servant of a switching crew in the perform-
ance of such duties as are peculiar to his position as foreman. He is presump-
tively the representative of the master, to report on the safety of the instru-
mentalities with which the crew are obliged to work, and a promise to a mem-
ber of the crew that a defective footboard on an engine would be repaired is
binding on the company.

**Unenforced Rule — Evidence.**
That a rule of a railway company, forbidding switchmen to mount the
footboard of a moving engine, had been disregarded in practice, may be shown
under the issues of assumption of risk and contributory negligence.

Action in the district court for Ramsey county to recover $25,000
for personal injuries. The case was tried before Olin B. Lewis, J.,
and a jury which rendered a verdict in favor of defendant. From
an order granting plaintiff's motion for a new trial, defendant ap-
pealed. Affirmed.

*How, Butler & Mitchell,* for appellant.

*T. D. Sheehan,* for respondent.

LEWIS, J.

Action to recover damages for personal injuries sustained by re-
spondent while employed as a switchman in appellant's railroad
yards at Freeport, Illinois. Respondent claims that the footboard
on the front of the engine was defective, in that it slanted back and
down about one and one-half or two inches, and as he stepped upon
it, while the engine was moving at the rate of two or three miles an
hour, his foot slipped off by reason of such defect, and he fell under
the footboard, and his foot was crushed between the front wheel of
the pony trucks and the rail. The action is founded on the defective

[1] Reported in 123 N. W. 928.

condition of the footboard and upon appellant's promise to repair the same.

The defense interposed is that the accident did not occur in the manner stated by respondent, but that his foot was caught between the drawbars of the engine and an adjoining car, by reason of his negligent act in attempting to kick the drawbar while making a coupling; but that, if the accident did happen in the manner claimed by respondent, he assumed the risk and was guilty of contributory negligence.

The jury returned a verdict for appellant, and the court granted respondent's motion for a new trial, upon the ground that it had committed error in excluding evidence as to the custom and practice in the yard with reference to switchmen getting on the footboard of an approaching engine.

Appellant contends in this court that the verdict of the jury was right, because respondent's account of his injuries was incredible, and that, if his story were true, it conclusively appears from the evidence that he assumed the risk and was guilty of contributory negligence, and, further, that the errors of law occurring at the trial, if any, were harmless, and did not justify a new trial.

1. Respondent's account of the accident was that he slipped from the footboard in attempting to step upon it; that he fell in front of the engine, passed under the footboard while clinging to it, and his foot was caught between the front wheel of the pony truck and the rail. The foreman of the switching crew testified that respondent was injured by having his foot caught between the drawbars of the engine and an adjoining car, and that he released him from that position. If this evidence was true, respondent was guilty of negligence for attempting to kick open the drawbar. According to the evidence he was not otherwise bruised, although the space between the footboard and the ties was not more than twelve inches. Respondent's accounts of the accident were conflicting, and the corroborating circumstances meager. The jury apparently refused to accept his story; but the trial court decided that it was a proper case for resubmission on the facts, and we have concluded to abide by the decision.

2. Respondent testified that he discovered the defective condition

of the footboard at the beginning of the night's work, while the engine was on the roundhouse tracks, and called the attention of both the engineer and foreman to the same, protesting against its use, but that it was explained to him that it was the only engine available at the time, and that the foreman told him they would try and get another engine at midnight, or, if not, that he would turn that one in for repairs in the morning, on which promise respondent relied and continued work. That the footboard was defective in the manner claimed by respondent was denied by appellant, and the original board was produced in court, showing it to be in good condition; but the fact that it was in proper condition when brought into court is not conclusive evidence that it was in such condition when attached to the engine at the time of the accident. The condition of the footboard, whether complaint was made to the engineer and foreman, and whether the foreman made any promise with reference to repairs, were questions for the jury under the evidence.

The principal legal question involved is: Assuming that respondent called attention to the defective condition of the footboard and protested against its use, and that the foreman promised it would be turned in for repairs in the morning, and that respondent remained at work relying upon such promise; did the foreman have authority to bind the company in making such promise?

As to a part of their work while they were engaged in switching operations, the foreman and the men constituting the crew were fellow servants; but with respect to giving orders and signals the foreman had authority to direct the movements of the others. The foreman and his assistants are sent into the yards to perform services attended with danger, and they should be furnished safe instrumentalities. There was no one else who would have knowledge of such defects except those working with the engine, and presumably it was the duty of the foreman to report to some superior officer when such instrumentalities needed repairs. To that extent the men were not fellow servants. Pieart v. Chicago, 82 Iowa, 148, 47 N. W. 1017; Chicago v. Strong, 228 Ill. 281, 81 N. E. 1011; Railroad v. Kenley, 92 Tenn. 207, 21 S. W. 326. Ehmcke v. Porter, 45 Minn. 338, 47 N. W. 1066, is not to the contrary, but in recognition of the principle here involved.

3. The rules of the company were introduced in evidence, from which it appeared that switchmen were prohibited from attempting to mount an engine while it was in motion. It was shown satisfactorily that respondent knew this rule, and had subscribed to it when he entered appellant's service. But evidence was offered to show that the rule was a dead letter, and not enforced, and that the universal custom among switchmen was to step on the footboard of an engine when it was moving at a speed of not more than two or three miles an hour. It was important to respondent's case to establish this custom. It was error to exclude this evidence, and the trial court was justified in granting a new trial upon that ground. Fay v. Minneapolis & St. L. Ry. Co., 30 Minn. 231, 15 N. W. 241; Sprague v. Wisconsin Central Ry. Co., 104 Minn. 58, 61, 116 N. W. 104.

Affirmed.