## GEORGE C. RILEY v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

January 28, 1916.

Nos. 19,593—(224).

**Appeal and error—necessary party to appeal.**

1. To entitle a defendant to urge as error the direction of a verdict in favor of a codefendant, the latter must be made a party to the motion for a new trial, when the motion is based in part upon the claim that the court erred in so directing a verdict.

**Master and servant — defect in place of work — fellow servant.**

2. The evidence is *held* to support the verdict to the effect that certain of defendant's servants, whose duty it was to remedy defects and dangers in the place of work of other servants, had notice of the danger and defect complained of in this action, and that they negligently failed either to remedy or remove the same or notify plaintiff thereof, in consequence of which plaintiff in the regular discharge of his duties was injured.

**Damages not excessive.**

3. There was no reversible error in the instructions to the jury, and the damages are not excessive.

Action in the district court for Freeborn county against the Minneapolis & St. Louis Railroad Company and Northwestern Telephone Exchange Company to recover $15,000 for personal injury received while in the employ of defendant railroad company. The separate answer of defendant telephone company alleged that at the request and for the benefit of the contractor of the new passenger station at Albert Lea the answering defendant raised its wires to a height of at least 27 feet above

[1] Reported in 156 N. W. 272.

the ground and top of the rails of the track and securely braced and secured the same to the roof of the new building and as so placed and secured the wires were at all times absolutely safe and stable and would have so remained if left unmolested. The case was tried before Quinn, J., who when plaintiff rested denied separate motions of the defendants to have the action dismissed as to them, and a jury which returned a verdict against the railroad company for $7,116 and a directed verdict in favor of defendant telephone company. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant railroad company appealed. Affirmed.

W. H. Bremner and F. M. Miner, for appellant.

Dunn & Carlson, for respondent.

BROWN, C. J.

Defendant railroad company was engaged in constructing a new station building in its station yards in Albert Lea, this state. At the instance of the company, defendant telephone company, long prior to the commencement of the new structure, had installed a telephone in the old station, connected with the necessary telephone wires which extended over the yard tracks of the railroad company. During the progress of the work on the new building it became necessary to remove or elevate the wire as it extended over the same, and the telephone company was called upon and made the necessary alterations. The wire was lengthened and raised so that the roof of the new building could be laid. Both before and after this change the wire was at a sufficient distance above the railroad tracks so as not to interfere with the switching operations of the railroad company upon the tracks over which the wire extended. On the day plaintiff received his injuries the building contractor found it necessary to again change the wire as it passed over the new building, and without notice to the telephone company the employees of the contractor made the necessary change. As so changed the wire was caused to sag over the railroad track and so low as to render switching operations dangerous to the railroad employees who were required to ride upon the tops of cars being switched over and upon the particular track. Plaintiff was in the employ of defendant as a switchman in the Albert Lea yard and a member of the night crew. On the night following the

lowering of the telephone wire as just stated, when engaged in the dis-
charge of his duties riding a car being switched upon this track, he
came in contact with the telephone wire and received the injuries of
which he here complains.   He was thrown between the cars, but not to
the track, his clothing having caught upon some part of the car, and he
was held suspended until the cars came to a stop.   He knew nothing of
the presence of the wire, and there is no evidence upon which a charge
of contributory negligence can be founded.   He brought this action for
his injuries, alleging as a basis thereof the negligence of the railroad
company. and the telephone company, and of their agents, servants and
employees.   The trial court directed a verdict for the telephone com-
pany, and a verdict was returned by the jury against the railroad com-
pany.   Thereafter this defendant moved for judgment or a new trial and
appealed from an order denying the same.

The assignments of error will be disposed of in the order presented in
appellant's brief.

1. It is contended that the trial court erred in directing a verdict for
the telephone company.   Defendant railroad company is in no position
to complain of that action of the court.   The telephone company was not
made a party to the motion for a new trial, nor served with the notice of
motion, and has not been afforded an opportunity to be heard in the mat-
ter.   The question of its liability cannot therefore be considered.   Adams
v. City of Thief River Falls, 84 Minn. 30, 86 N. W. 767; Peterson v.
City of Red Wing, 101 Minn. 62, 111 N. W. 840 ; Clark v. City of Austin,
38 Minn. 487, 38 N. W. 615.   Of course the railroad company may urge
that the negligence of the telephone company was the sole proximate
cause of the injury to plaintiff, but that would go to the merits of the
case and be open to the railroad company precisely as though it had been
sued alone.   This contention is made, but our examination of the record
leads to the conclusion that the evidence does not sustain it; the evidence
shows at most either a joint or several liability, and not that any act or
failure to act on the part of the telephone company was the sole cause
of the accident to plaintiff.   And if on any theory, the right of contribu-
tion or otherwise, the railroad company had the right to have the ques-
tion of the liability of the telephone company submitted to the jury, and
hence the right to complain of the directed verdict, that company should

have been made a party to the motion for a new trial, and, not having been so made a party, the railroad company is in no position now to complain.

2. We come then to the questions affecting the liability of the railroad company. It is contended that the court erred in its instructions to the jury, and that the damages awarded are excessive.

The act of the building contractor who, without notice to either the railroad company or telephone company, through his agents and employees, in changing the wire attachments so that they hung so low over the railroad track as to endanger the safety of those engaged in switching operations was clearly an act of negligence. But no claim was made against the contractor, nor was it claimed that either the railroad or the telephone company was responsible for his negligence. Thomas v. Wisconsin Central Ry. Co. 108 Minn. 485, 122 N. W. 456, 23 L.R.A.(N.S.) 954. The theory of the action as against the railroad company was that certain of its employees, fellow servants of plaintiff, knew of the dangerous situation created by the act of the contractor, and negligently failed in their duty to remedy the same or notify superior officers thereof, in consequence of which plaintiff, while engaged in the discharge of his duties, unaware of the danger, came in contact with the wire and was injured. If the evidence sustains the position of plaintiff in this respect, his right of recovery against the railroad company is clear, for both under the state and Federal statute the company is liable for injuries to servants which are caused by the negligence of fellow servants. There can be no question that, if a fellow servant of plaintiff had actual knowledge of the dangerous condition of this wire and it was his duty under his employment either to remove the danger or notify his superior officers thereof, and he failed to discharge that duty, such failure would constitute negligence which will support the action. And again, if he in fact notified his superior servant, the yard switching foreman, of the danger, and that employee of defendant failed in his duty to remedy the defect, or notify employees under him of the presence of the danger, his failure of duty would likewise be an act of negligence for which the company is liable. Bergland v. Illinois Central R. Co. 109 Minn. 317, 123 N. W. 928; Worden v. Humeston & S. Ry. Co. 76 Iowa, 310, 41 N. W. 26; Reed v. Burlington, C. R. & N. Ry. Co. 72 Iowa, 166, 33

N. W. 451, 2 Am. St. 243; Boelter v. Ross Lumber Co. 103 Wis. 324, 79 N. W. 243; Lyttle v. Chicago & W. M. Ry. Co. 84 Mich. 289, 47 N. W. 571. Defendant was under obligations to furnish and maintain a reasonably safe place for the performance of plaintiff's duties, and if employees, to whom was committed the duty to maintain the place of work in safety, knew of a defect or danger, and failed to remedy it, defendant is liable for this neglect. Witness Hagen was an employee of defendant, and a member of its day switching crew. He came in contact with the wire about noonday preceding the night when plaintiff was injured, and avoided injury by "ducking." He thus had actual knowledge of the dangerous situation. He testified that it was one of the duties of his employment, when discovering a defect in appliances or dangerous conditions of the service, to notify his superior servant, or remedy the defect himself. In this he was corroborated by the yard foreman, his superior servant. Hagen further testified that he promptly notified the switching foreman of the danger. This notice was denied by the foreman, though he admitted that had the notice been given it would have been his duty to remedy the danger. Hagen made no effort to remedy the situation, and, if he did not in fact notify the foreman, he failed in the performance of his conceded duty. If he did notify the foreman, it stands admitted that he did nothing, and he also failed in his duty. The trial court in its charge to the jury did not expressly charge that notice of the danger to switchman Hagen was notice to the railroad company. The court stated the claims of plaintiff in respect to the negligence relied on for recovery, one of which was that notice to Hagen was notice to the company, and then in a general way left the jury to say, not whether the company had notice of the danger, but whether the charge of negligence against it was made out by the evidence. If the defendant was apprehensive that the jury might understand from the charge that the court intended to say that notice to Hagen was notice to the company, a request for some specific direction upon the point should have been made. But it is doubtful whether this feature of the case is of importance. The question in the case was whether the fellow servants of plaintiff failed in the discharge of their duties, and whether such failure constituted negligence rendering defendant liable. The evidence taken as a whole made this a question of fact. If the agents of defendant having

authority to act, and with a duty to remedy dangers of this kind, had actual notice thereof, it would seem not necessary to bring notice home to some other higher servant. 3 Labatt, M. & S. p. 2774, note 6.

3. The action is founded upon the Federal Employer's Liability statute, and complaint is made that the trial court did not in its charge instruct fully as to the rights and liabilities of the parties thereunder. Defendant points out no reason for the conclusion that it was prejudiced by the failure of the court in this respect. The only omissions we discover are the failure to state the effect of contributory negligence under the Federal act, and refer to the rule of assumption of risk. But this was not prejudicial. There was no evidence of negligence on the part of the plaintiff, and he was wholly unaware of the presence of the wire and did not therefore assume the risk. And, moreover, there was no request for instructions upon the subject, and since the charge fully covered the essential issues in the case in a general way there was no prejudice.

4. The trial court having approved the verdict as to the amount of damages awarded, we do not see our way clear for disturbing the recovery. The injury suffered by plaintiff was to his neck and spine and the muscles thereof. He was suffering at the time of the trial from what the physicians termed wryneck, and those called by plaintiff were of opinion that it was permanent. At the time of the accident he was caught by the wire under his chin, and was hurled backward between the cars where he was held until the cars were stopped. In this fall the back of his neck came violently in contact with some part of the car. His neck is stiff, and if this is permanent, as the evidence tends to show, we are not prepared to hold that the damages are so excessive as to justify interference by this court.

5. What has been said covers all questions requiring special mention. We find no reversible error in the record, and the order appealed from is affirmed.