(22 Misc. Rep. 353.)

## KOESTER v. DECKER.

(Supreme Court, Appellate Term.    January 21, 1898.)

HIGHWAYS—COLLISION BETWEEN VEHICLES.
    The light buggy of plaintiff, a physician, was being driven northerly along
    the right-hand side of a city avenue, and, as it approached a cross street,
    the driver perceived defendant's covered grocery wagon approaching rapidly
    from the east.    The plaintiff's driver, seeing that one or the other must
    yield, signaled that he would go ahead; but, as the driver of the wagon

did not lessen his speed, the former at once turned towards the left, but not quickly enough to avoid a collision. *Held*, that the facts warranted a judgment for plaintiff.

Appeal from Seventh district court.

Action by Henry F. Koester against Philip A. Decker. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Sol. A. Hyman, for appellant.
William Doll, for respondent.

BISCHOFF, J.    The plaintiff's carriage, a physician's light buggy, came into collision with the defendant's delivery wagon in a manner which was not, in fact, the subject of dispute by the different witnesses; and if, as is claimed, the plaintiff's testimony was uncertain as to the exact place of the accident, the uncertainty appears to have been brought about only through the confining method of cross-examination which was adopted. The collision actually happened on Avenue A, at a point on the westerly side of that avenue, between Seventy-Sixth and Seventy-Seventh streets, the plaintiff's direction having been originally northwardly along the avenue, on its easterly or right-hand side, but, in order to escape injury, so far as might be, from impact with the defendant's wagon, which was being driven westwardly along Seventy-Sixth street and first seen when the plaintiff reached the corner of that street, his course was changed towards his left-hand side and the continued progress of the vehicles resulted in their coming together when north of the crossing.

From the evidence as to the circumstances surrounding the approach of both these wagons towards the intersection of Seventy-Sixth street with the avenue, at which point the question of the due exercise of care arose, we think the justice could properly find that the accident was brought about through the negligence of the defendant's servant, without a failure of reasonable prudence upon the part of the plaintiff, or of the servant who was driving his carriage. The manner in which these vehicles approached the intersection of the street with the avenue caused it to become necessary for one to give place for the other's passage, since their respective courses, at right angles, if maintained, must have resulted in their coming together, and, conceiving that he had the better right of way, the plaintiff's driver signaled to the defendant's driver that he would pass in front, continuing his course; but the latter did not lessen his speed in obedience to this signal, nor change his direction in any way, and the plaintiff's driver then turned his course to the left, in order to avoid the collision which, despite his efforts, resulted as detailed.

It was claimed for the defendant that his wagon could not have been brought to a stop, or its speed sufficiently lessened, after the plaintiff's intention became apparent, because it contained a heavy load, consisting of tubs of meat, weighing 1,500 pounds; but, so far as was apparent to the plaintiff, this vehicle was an ordinary covered grocery wagon, drawn by one horse, and readily to be controlled within the space available, and the fault was wholly that of the defendant's driver, if, by reason of this concealed load, he was unable to properly

control the wagon when approaching the crossing of a much-traveled thoroughfare. That the plaintiff's driver did not fail to act as a reasonably prudent person when electing to pass in front of the defendant's wagon, under the circumstances, was, we think, a legitimate finding of fact from the evidence, since, while there is no question that the collision would not have occurred had the defendant's driver been given the right of way, the plaintiff's servant could well be justified in his assumption that his signal that he himself intended to maintain his course would be observed and acted upon, and, so far as was apparent to him, the situation was not one calling for any greater caution upon his part, such as might have been expected were it apparent that the approaching wagon was under less perfect control than was his own.

No rule of law required that both the wagons should be brought to a stop. One or the other was entitled to the right of passage, and, the plaintiff's driver having signified his intention to pass, without having had any reason to believe that the defendant's driver would dispute the right of way thus indicated, he was not chargeable with negligence, as contributing to the injury which was then brought about, solely because the defendant's servant failed to exercise the amount of care which was reasonably to be expected from him. The defendant's driver testified that no signal was given, and that, from the fact that the plaintiff turned his course to the left, he assumed that the latter intended to drive into Seventy-Sixth street, and away from him; but the justice was quite authorized to credit the testimony of the plaintiff's servant that he did signal, and that his change of course took place only after that signal was obviously disregarded, and when the certainty of a collision thus became apparent.

The fact that the plaintiff, who was sitting beside his driver at the time, thought that the action of the driver in swerving to the left was for the purpose of avoiding contact with a child upon the street, does not affect the force of this driver's own testimony that he was then trying to avert a collision with the defendant's wagon, although it is true, as the appellant contends, that the servant's testimony does not contain an allusion to any child's presence. It is not to be assumed that the plaintiff knew what was passing in his servant's mind, and it is entirely probable that, while such servant's attention was directed only to the approaching wagon, the plaintiff himself may have had in view a child whose position upon the street was rendered the safer by the actual change of course which took place.

The question is raised with regard to the measure or evidence of the plaintiff's damage, and, as to the matter of responsibility for the accident itself, the conclusion reached by the justice is to be sustained.

Judgment affirmed, with costs.   All concur.