BRIDGET McBRIDE v. ST. PAUL CITY RAILWAY COMPANY.

May 19, 1898.

Nos. 10,991—(93).

**Verdict Sustained by Evidence.**
     *Held*, the evidence will sustain a verdict for the plaintiff.

**Street Railway—Injury to Person Entering Car—Incompetency of Trainmen—Charge of Court—Fonda v. St. Paul, 71 Minn. 438, Followed.**
     The plaintiff, a passenger, was injured while attempting to board one of defendant's street cars, and claims she was injured by the negligence of the servants of defendant in charge of the car. *Held*, following Fonda v. St. Paul City Ry. Co., 71 Minn. 438, it was error to charge the jury that they may consider facts proven as to the competency or incompe-

tency of the trainmen, which tend to show that the act in question was not done by the motorman in a reasonably careful manner.

**Same—Damages—Permanent Injury—Reasonable Certainty—Charge of Court.**

*Held*, the plaintiff is not entitled to recover for permanent injury unless there is reasonable certainty that the injury is permanent. Measured by this rule, a certain part of the charge is *held* to be erroneous. Whether such rule is a correct one to apply on the introduction of evidence, quære.

Appeal by defendant from an order of the district court for Ramsey county, Kelly, J., denying a motion for judgment notwithstanding a verdict in favor of plaintiff for $800 and denying a motion for a new trial. Reversed and new trial granted.

*Munn & Thygeson*, for appellant.

In order to recover for future permanent injury the evidence must show that such injury is reasonably certain to follow. It cannot be the basis for the assessment of damages if it rests on speculation and conjecture. L'Herault v. City of Minneapolis, 69 Minn. 261; Strohm v. New York, 96 N. Y. 305; Hardy v. Milwaukee, 89 Wis. 183; Block v. Milwaukee, 89 Wis. 371; 2 Shearman & R., Neg. § 743; White v. Milwaukee, 61 Wis. 536; Fry v. Dubuque, 45 Iowa, 416; Curtis v. Rochester, 18 N. Y. 534; Atkins v. Manhattan, 57 Hun, 102; DeSoucey v. Manhattan (Com. Pl.) 15 N. Y. Supp. 108; Ohio v. Crosby, 107 Ind. 32; Cleveland v. Newell, 104 Ind. 264; Bailey v. Westcott, 14 Daly, 506.

*John L. Townley*, for respondent.

CANTY, J.[1]

Plaintiff claims that while attempting to board one of defendant's street cars as a passenger she was caught between the gates, which closed in upon her as she was about to step from the ground to the lower step of the car, and was injured. These gates close in upon the lower step, are opened to receive and let off passengers, and are operated by a lever in the hands of the motorman, who stands on the front of the car. She brought this action to recover damages for the injury, alleging that it was caused by de-

[1] BUCK, J., did not sit.

fendant's negligence. On the trial she had a verdict, and from an order denying a new trial defendant appeals.

1. We are of the opinion that the evidence will sustain a verdict for plaintiff.

2. When charging the jury, the court gave defendant's second request as modified. All of this part of the charge which it is necessary to consider is as follows:

"The competency or incompetency of the trainmen in charge of this car can have no bearing upon this case in determining the liability or want of liability of the defendant, and you are instructed to disregard all evidence and argument of counsel on the subject of the competency or incompetency of the trainmen, or either of them, except that I modify these instructions to this extent, and to this extent only: except that, if the jury find from the evidence that the plaintiff was caught in the gates of the car at the time and place as she has testified, they may consider any fact proven to their satisfaction, and that includes the competency or incompetency of these officials, which tends to show that the gates at that time and place were or were not handled by the motorman in charge in a reasonably careful manner."

The modification was excepted to, and is assigned as error. That it is erroneous is settled by Fonda v. St. Paul City Ry. Co., 71 Minn. 438, 74 N. W. 166, and nothing need be added to what is there said.

3. In charging as to the amount of damages which plaintiff is entitled to recover, the court charged the jury as follows:

"You have a right to take into consideration * * * also, if there is any evidence to sustain it, the probability or improbability of this accident resulting in any permanent injury to the plaintiff's health."

This was excepted to, and is assigned as error. In our opinion, this part of the charge is erroneous. Plaintiff is not entitled to recover for permanent injury unless there is reasonable certainty that the injury will be permanent. Hardy v. Milwaukee, 89 Wis. 183, 61 N. W. 771; White v. Milwaukee, 61 Wis. 536, 21 N. W. 524. While this is the correct rule as applied to this charge, it may be a question whether it is the correct rule as applied to the introduction of evidence. See Block v. Milwaukee, 89 Wis. 371, 61 N. W. 1101, where this distinction is made. A dictum of this

court in L'Herault v. City of Minneapolis, 69 Minn. 261, 72 N. W. 73, states that the same rule should be applied as to the expert evidence offered on the trial, citing with approval Strohm v. New York, 96 N. Y. 305. We are not called upon to dispose of that question at this time. The other questions raised on this appeal are not at all likely to arise on another trial.

The order appealed from is reversed, and a new trial granted.