ANNA S. OLSON v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

February 17, 1905.

Nos. 14,181—(198).

**Fall of Passenger from Railway Car.**

> This is an action to recover for damages which the plaintiff claims she sustained by being jerked from the steps of the defendant's car by its being started while she was in the act of alighting therefrom. *Held:*
>
> 1. Her alleged contributory negligence was a question of fact, and the finding of the jury thereon is sustained by the evidence.
>
> 2. The damages are not excessive.
>
> 3. The plaintiff was entitled to recover damages for all of the direct consequences of her injuries—future as well as past—but only for such future consequences as were shown, to a reasonable certainty, would result from her injuries.
>
> 4. There was no reversible error in the charge of the court to the jury, nor in its refusal to charge.

Action in the district court for Mower county to recover $2,000 for personal injuries. The case was tried before Kingsley, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Shepherd & Catherwood,* for appellant.

*Lafayette French, H. H. Dunn,* and *Edward P. Kelly,* for respondent.

START, C. J.

The plaintiff, a woman of fifty nine years, was on November 11, 1903, a passenger on one of the trains of the defendant, and was in-

[1] Reported in 102 N. W. 449.

jured while alighting therefrom on its arrival at her destination—the village of Grand Meadow, this state. This action was brought to recover damages on account of her injuries, which were due, as she alleges in her complaint, to the negligence of the defendant in not stopping its train for a reasonable time to enable her safely to alight, and in suddenly starting the train while she was in the act of alighting. The defendant, by its answer, denied the allegations as to its own negligence, and alleged that the plaintiff's injuries were solely the result of her own negligence. There was a verdict for the plaintiff in the sum of $2,000. The defendant appealed from an order denying its motion for a new trial.

1. The first reason urged why a new trial should be granted, to be considered, is that the verdict is not justified by the evidence, for the reason that the plaintiff was guilty of contributory negligence in attempting to alight from the train while it was in motion. The evidence is not conclusive that the plaintiff attempted to get off the train while it was in motion. The train in question consisted of a baggage and mail car, a smoker, a ladies' car, and the superintendent's car, which was the rear car in the train. Next to it was the ladies' car, in which the plaintiff rode. She entered the car by the rear door, and left it by the same door, as she was sitting near it. There was with her at the time her friend, who had a little girl with her. The testimony of the plaintiff as to the accident was to the effect that when the car reached Grand Meadow the brakeman announced the station, and the train stopped; that she then at once started to leave the train, her friend preceding her, and then followed her child; that when the mother reached the station platform she laid her bundles down and reached for the child; and, further, that the plaintiff was then standing on the first step of the car from its platform, holding the child by her clothes, and, as the mother took her, the train started, and the plaintiff was jerked off the steps, where she was standing, and fell to the station platform and was injured. The plaintiff was corroborated to some extent by other witnesses. There was, however, evidence tending to show that the train was moving before the plaintiff attempted to alight.

It is urged on behalf of the defendant that if the plaintiff was standing on the upper step of the car, and it started with a sudden jerk, she

could not have been jerked or thrown sidewise down the steps; hence the conclusion follows that she was not thrown down by the starting of the car, but by her voluntary attempt to leave the car after it had started. It is immaterial whether the car started with a sudden jerk or not, if starting it while the plaintiff was in the act of alighting was the cause of her being thrown from the train. There is no such inherent improbability in the testimony of the plaintiff as to require its rejection as untrue. If she were standing on the step of the car, reaching forward, as she must have been in order to hold the child by its clothes, it is not difficult to understand how she could have fallen from the steps of the car to the station platform by being jerked so as to lose her balance by the starting of the car. The distinction between being jerked off the car and falling off by reason of the starting of the car is not, as defendant claims, important. The question of her negligence was one of fact, which the trial court fairly submitted to the jury, and the verdict upon the question is not so manifestly against the preponderance of the evidence as to justify us in interfering with it.

2. It is urged that the damages awarded are excessive. The plaintiff claimed that she was permanently injured by her fall from the car, and that, as a result thereof, she was suffering from a curvature of the spine and a floating kidney. It is reasonably clear from the evidence that the plaintiff was, at the time of the trial, afflicted with a curvature of the spine and a floating kidney; but, upon the question whether either was due to her fall, it is not so satisfactory. If either of the ailments of which the plaintiff complains was occasioned by her fall, it is obvious that the damages are not excessive, for such ailments are permanent, unless remedied by a surgical operation, which the evidence shows would be precarious, in view of plaintiff's age. The opinion evidence as to the question of the cause of these permanent ailments was conflicting, but a consideration of all the evidence relating to the character and cause of the plaintiff's injuries leads us to the conclusion that the evidence was sufficient to sustain a finding by the jury that the floating kidney was caused by the plaintiff being thrown or falling from the car. We accordingly hold that the assessment of damages was not excessive, within the rule governing such questions.

3. The remaining assignments of error relate to the instructions of the court to the jury. The court gave to the jury this instruction:

The plaintiff had a right, therefore, as a passenger of the defendant, to be safely carried and safely delivered at her destination by the defendant company; and it was the duty of the defendant company to use the highest degree of care and skill in carrying the plaintiff from Dexter to Grand Meadow, and to use the highest degree of care and skill in seeing that she was safely delivered at her destination at Grand Meadow. These are the general principles of law which apply to all cases where the relation of passenger and carrier exist.

It is the contention of the defendant that this was error, for the reason that it did not state the correct rule concerning the reciprocal duties incumbent upon passengers and carrier. The instruction, as stated by the court to the jury, was a general statement as to the duties of the defendant, and correct as far as it went. The court then proceeded to apply the general principles in a concrete form to the particular facts of the case, and presented the issues and claims of the respective parties, including the alleged negligence of the defendant and that of the plaintiff. Taken as a whole, the charge was a full and correct statement of the reciprocal rights and duties of the parties.

The court also instructed the jury that it was not negligence for the plaintiff to attempt to alight from the rear end of the car. This is assigned as error. The uncontradicted evidence was to the effect that it was proper for passengers to get off at the rear door of the car, and there is nothing in the record to justify a finding by the jury that the plaintiff was in fact negligent in passing out of the rear door of the car. It follows that the instruction was legally correct. It was not, in view of the respective claims of the parties on the trial, an abstract proposition; hence it was not error to give it.

Upon the question of damages the court instructed the jury as follows:

The plaintiff is entitled to recover, if she is entitled to recover at all, such damages as she has sustained by reason of loss of time, by reason of pain and suffering, by reason of impairment of her ordinary physical faculties, and such as she may sustain in the future by reason of any permanent injury which she has established that she has sustained. There is no rule of law

by which I can tell you what these damages should or should not be. They cannot be measured exactly in dollars and cents, but they must be determined by the jury, applying your good sense as practical men of affairs. What in your judgment would fairly and reasonably compensate her for the injuries which she has sustained, in case she is entitled to recover?

The defendant claims that this was error, for the alleged reason that it permitted the jury to take into consideration elements of damages which were contingent and speculative; hence the instruction was misleading.

In a personal injury action the plaintiff is entitled to recover damages for all of the direct consequences of his injuries, future as well as past, but he can recover only for such future consequences as are shown, to a reasonable certainty, will result from his injuries. L'Herault v. City of Minneapolis, 69 Minn. 261, 72 N. W. 73; McBride v. St. Paul City Ry. Co., 72 Minn. 291, 75 N. W. 231. It follows from this rule that future consequences which may or are likely to result from the injuries are too speculative to be considered by the jury in the assessment of damages.

It is apparent that the instruction complained of was verbally inaccurate, in that the court used the word "may" instead of "will." This seems to have been done by inadvertence. It is, however, reasonably clear that the jury could not have been misled by the error to the prejudice of the defendant, for future damages were expressly limited to those the plaintiff may sustain "by reason of any permanent injury which she has established that she has sustained." This by necessary implication excludes all uncertain and speculative damages, for, under the instruction, the jury, in order to give any damages for future consequences of her injury, were required first to find that she had established that it was permanent. However, if counsel deemed the instruction misleading or liable to prejudice the defendant, he should have called the court's attention to the matter, so that the mistake might have been corrected before the jury retired. This was not done, nor was there any exception to the giving of the instructions at the trial. Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754. We hold that the giving of the instructions was not reversible error.

It is further urged that the trial court erred in refusing or modifying the defendant's seven requests for instructions to the jury. We have considered each of these requests, with reference to the general charge of the court, and find that those refused which correctly stated the law were fairly and substantially covered in the general charge, and that the others either did not state the law of the case correctly or were argumentative. The defendant's first request was to the effect that, if the plaintiff received her injuries while in the voluntary act of alighting from the train, she could not recover. This the court gave, and followed it by the following instruction:

> Of course, it necessarily follows from what I have stated here that if the plaintiff attempted to alight from a moving train —that is to say, knowing that the train was moving,—if she jumped off the train voluntarily, she would not be entitled to recover. She bases her action upon the proposition that she fell from the train, and that is a subject of dispute between the parties—whether she fell from the train, or whether she voluntarily alighted from the train while it was in motion.

The giving of the added instruction is assigned as error. Taken as a whole, we find no error in it. The charge of the learned trial court, as a whole, was a fair, full, and correct statement of the issues between the parties, and the law applicable thereto.

Order affirmed.