SAMUEL RABINOWITZ, RESPONDENT, v. BAYARD HAW-
THORNE, APPELLANT.

Submitted March 27, 1916—Decided June 19, 1916.

1. Plaintiff while in the act of crossing a street intersection with his horse and wagon was struck by an automobile driven by defendant. *Held*, under conflicting accounts of the circumstances attending the accident, the question of negligence of the defendant and the contributory negligence of the plaintiff were for the jury.

2. The plaintiff's testimony showed in detail, from memory, his daily and weekly receipts and profits from his business as a huckster, upon which data he based an estimate of his loss. *Held*, admissible; the credibility of the witness and the value of his estimate under the circumstances being for the jury to determine.

On appeal from the Supreme Court.

For the respondent, *William Newcorn*.

For the appellant, *M. Casewell Heine*.

The opinion of the court was delivered by

MINTURN, J. The suit was brought to recover for personal injuries, suffered by the plaintiff, by the negligence of the defendant, in the city of Plainfield. The plaintiff, while plying his trade as a huckster, drove his horse and wagon slowly in a westerly direction, along East Second street, and while crossing Watchung avenue he was run into by defendant's automobile, traveling rapidly in a northerly direction.

The plaintiff's wagon was struck in the rear and badly damaged, and the plaintiff was injured, for which injuries the jury rendered a verdict for the plaintiff. It is urged on this appeal, that the trial court should have ordered a nonsuit, or directed a verdict for the defendant. We think its course in declining to accede to either request was correct.

The case presented essentially a question of fact, upon testimony more or less conflicting, and therefore resolved itself into a jury question. It was deducible from the testimony that the plaintiff had reached the crossing first, and was therefore in a position legally to expect that he would be accorded the right of way. *Miller* v. *Electric Railway Co.*, 59 *N. J. L.* 423; *Kathmeyer* v. *Mehl*, 60 *Atl. Rep.* 40.

Whether under the circumstances the defendant in approaching and passing over the crossing, exercised due care in the control of his machine, for the safety of others lawfully upon the street, became a jury question. *Reeves* v. *Consolidated Traction Co.*, 58 *N. J. L.* 573.

Whether the plaintiff, in observing the approach of the automobile, exercised due care in the conduct of his horse and wagon, so as to acquit himself of the charge of contributory negligence, in the view of conflicting testimony, was equally a jury question. *Pesin* v. *Jugovich*, 85 *N. J. L.* 256; *Keenan* v. *Public Service Co.*, *Id.* 639; *Wescoat* v. *Decker*, *Id.* 716.

The plaintiff kept no books, and was therefore allowed to testify from memory, as to his average profits, and to this exception was taken.

It may be observed, that unless this class of testimony is to be entirely excluded upon principle, there must be circumstances under which its introduction will be admissible, and instances of this character are supplied by the decisions of this court. *Bartow* v. *Erie Railroad*, 73 *N. J. L.* 12; *East Jersey Water Co.* v. *Bigelow*, 60 *Id.* 201; *Wolcott* v. *Mount*, 36 *Id.* 262, 265; *New Jersey Express Co.* v. *Nichols*, 33 *Id.* 434, 439; *Standard Am. Co.* v. *Champion*, 76 *Id.* 771.

The test seems to be, whether under the testimony such

profits are capable of being estimated "with a reasonable degree of certainty." *Wolcott* v. *Mount, ubi supra.*

The plaintiff gave in detail, from memory, his method of business, and his daily earnings from which data he estimated his average weekly income. The reliability and credibility of this testimony was for the jury to consider, in their discretion, in fixing the *quantum* of damages.

The production of plaintiff's books, had he kept any, would have injected into the narrative an element of certainty, upon which a jury might estimate damages with more precision and certainty; but in the absence of books, human memory, while it may be criticised and discredited, cannot be ignored as an evidential factor, by which financial data may be furnished, to support a litigant's estimate of his loss. 1 *Greenl. Ev.* 514, and cases cited; 17 *Cyc.* 781, and cases cited.

In such a situation this character of proof is accepted, as was said by this court in *East Jersey Water Co.* v. *Bigelow, ubi supra,* "not on the ground of its furnishing a measure of damages, to be adopted by the jury, but to be taken into consideration by the jury, to guide them in the exercise of that discretion, which to a certain extent is always vested in the jury."

The remaining objections urged to this verdict, seeming to us inconsequential, the judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 15.

*For reversal*—TAYLOR, J. 1.