ROSE McDONALD v. MESABA RAILWAY COMPANY AND ANOTHER.[1]

June 22, 1917.

Nos. 20,368—(157).

Negligence — contributory negligence — evidence.

The plaintiff, a passenger in an auto bus, was injured in a collision with an electric car of the defendant company operated by its codefendant. The court correctly charged the jury that the negligence of the auto driver was not imputed to the plaintiff. It submitted to the jury the issue of plaintiff's contributory negligence. The jury returned a general verdict for the defendants. Upon a consideration of the evidence, summarized in the opinion, it is *held* insufficient to sustain a finding that the plaintiff was negligent and not to justify the submission of the issue to the jury.

Action in the district court for St. Louis county against defendant railway company and Carl W. Christie to recover $20,000 for injuries sustained in collision with defendant's car. The case was tried before Cant, J., and a jury which returned a verdict in favor of defendants. From an order denying plaintiff's motion for a new trial on the minutes of the district court, she appealed. Reversed.

*Samuel A. Anderson* and *Whipple & Randall,* for appellant.

*Washburn, Bailey & Mitchell,* for respondents.

DIBELL, C.

This is an action to recover for personal injuries sustained by the plaintiff in a collision between an auto bus in which she was a passenger and an electric car of the defendant Mesaba Railway Company

[1]Reported in 163 N. W. 298.

operated by its codefendant. There was a verdict for the defendants. The plaintiff appeals from the order denying her motion for a new trial.

The court charged the jury that the negligence of the driver of the auto bus was not imputed to the plaintiff. This was concededly correct. It submitted to the jury in its general charge the question whether the plaintiff was guilty of negligence contributing to her injury. The plaintiff urges that there was no evidence reasonably supporting a finding that she was negligent and that the submission was error. This is the only question.

The defendant company operates a single track electric railroad running east and west along the Mesaba Range. In passing through the village of Buhl it crosses Wanless avenue, which runs north and south, substantially at right angles. As it enters the avenue from the east it curves slightly to the south and travels a public street or highway as it goes west. In the forenoon of December 15, 1915, when the accident occurred, the plaintiff was a passenger in an auto bus driven by one O'Donnell going north on the avenue. It collided with a westbound trolley car at the crossing and she was injured. The bus, though it did not maintain an accurate schedule, made regular trips. It carried passengers for hire. It had seats extending lengthwise, one on each side, and accommodated 13 passengers. The driver sat on a cross-seat in front and at the left. The entrance for passengers was at his right. The car was inclosed and windows extended along the sides. The plaintiff sat on the right side and towards the front. This put her back toward the westbound car. There were three other passengers. She was talking with an acquaintance sitting opposite. She knew nothing of the collision until its occurrence. Cars passed Buhl each way every hour. The westbound car was due 20 minutes after the hour and the eastbound car 20 minutes before the hour. The plaintiff and the driver claim that the injury occurred somewhere about 10:30 in the forenoon and that the westbound car was late. The evidence of the defendants, which on this motion we assume to be correct, sustains its contention that it was on time or substantially so. The plaintiff knew the company's time schedule. She had ridden in the bus often. She was a nurse and on this occasion was going to Kinney in response to an emergency call. She was in a hurry, having missed the earlier trip of the

bus, and so informed the driver. She knew that the bus would cross the electric line. The morning was cold and frosty. At the last stop before the crossing the driver cleaned the window at his right and that at his left. The windows extending along the body of the car where the passengers sat were frosty—at least the motorman, who is one of the defendants, says that they were so frosty that he could not see the passengers. There is nothing in the evidence indicating that the driver was incompetent or negligent, except his conduct at this particular time, and nothing to suggest that the plaintiff had cause to distrust his competency or carefulness. He had driven the bus a number of months, carried school children back and forth, apparently under a contract with the authorities, and the general public patronized him. The plaintiff was not negligent in taking passage with him. If negligent at all it was because of something occurring afterwards. She had no control over the movements of the bus and in no way interfered with its movements or participated in its operation. She took no precaution as the bus approached the crossing. She did not look or listen for the westbound car, nor did she watch the driver to see that he was attentive and keeping a proper lookout, nor did she in any way undertake to oversee his performance of his duties.

Although the negligence of the driver is not imputed to the passenger, the latter is not relieved of the consequences of his personal or direct negligence. The cases are collected in notes in 8 L.R.A.(N.S.) 597 and 671, and a supplemental note in L.R.A. 1915A, 761, 765. The cases in this state are cited in 2 Dunnell, Minn. Dig. §§ 7037, 7038 and Dunnell, Minn. Dig. 1916 Supp. §§ 7037, 7038. Howe v. Minneapolis St. P. & S. S. M: Ry. Co. 62 Minn. 71, 64 N. W. 102, 30 L.R.A. 684, 54 Am. St. 616, is the first case where the personal negligence of the passenger was considered in a case where it was held that the negligence of the driver was not imputed to him or at least the first one where the question was much considered. Kokesh v. Price, 136 Minn. 304, 161 N. W. 715, is the last. There are a score or more intervening. Of these Cotton v. Willmar & S. F. Ry. Co. 99 Minn. 366, 109 N. W. 835, 8 L.R.A.(N.S.) 643, 116 Am. St. 422, 9 Ann. Cas. 935, contains the most extended discussion of authorities. It is not our purpose to review them. They involve varied situations. Often the passenger is

sitting with the driver, or is in an open conveyance, where he has an equal opportunity of seeing and hearing and customarily makes use of it, and where, because of his position or the character of the conveyance, he can reasonably well foresee and avoid danger. As presented on appeal the question usually has been whether a finding that the passenger was not personally negligent was sustained. In none was it held in this court, so far as our observation goes, that as a matter of law the passenger was guilty of contributory negligence, unless it be Wosika v. St. Paul City Ry. Co. 80 Minn. 364, 83 N. W. 386; and in this case the plaintiff was engaged in a joint undertaking with the driver and others. In Johnson v. St. Paul City Ry. Co. 67 Minn. 260, 69 N. W. 900, 36 L.R.A. 586, a case quite different in its facts but of some value on principle, the refusal of the trial court to submit the question of contributory negligence was sustained; and so also in Brennan v. Minnesota, D. & W. Ry. Co. 130 Minn. 314, 153 N. W. 611, L.R.A. 1915F, 11, but on facts so different that the case is hardly illustrative. In Langdon v. Minneapolis St. Ry. Co. 120 Minn. 6, 138 N. W. 790, and Koplitz v. City of St. Paul, 86 Minn. 373, 90 N. W. 794, 58 L.R.A. 74, it was held or assumed in the trial court, and not contested here, that there was no question of contributory negligence for submission. The principle of law applicable is that if the personal negligence of the passenger contributes to his injury he cannot recover. Usually the question of the passenger's personal negligence is considered one of fact for the jury.

An examination of the evidence brings us to the conclusion that the evidence does not sustain a finding of negligence on the part of the plaintiff or justify its submission to the jury. If the jury had specially found that the defendants were negligent and that the plaintiff's negligence contributed, its general verdict for the defendants ought not to be sustained. The situation before us is not in principle different. The plaintiff was not negligent in taking passage in the bus. She was not wanting in care in what she did or failed to do at the precise moment of the collision. She did not actually anticipate it. If negligent at all it was because she did not look and listen, or, hearing, did nothing to prevent the accident. It appears nearly conclusively that she did not hear. Considering the character of the conveyance, her position in it

shut in as she was, the difficulty and impracticability of her maintaining a lookout, the lack of any reason for her distrusting the skill or diligence of the driver, the readiness with which he could control his machine, his superior position for observing danger, the active and continuous duty which rested upon him of watching, the absence of actual notice to her of impending danger, and the want of apparent need of supervising the conduct of the driver or disturbing him with suggestions or warnings, a jury should not be permitted to find that she was guilty of negligence in caring for her own safety. It is hardly to be thought that the conduct of a very careful person would have been different from that of the plaintiff. We make no attempt to frame a general rule solving all cases. The facts in particular cases must determine whether the ultimate question is for the jury.

Order reversed.