## WILLIAM C. CHRISTISON v. ST. PAUL CITY RAILWAY COMPANY.[1]

December 7, 1917.

No. 20,645.

**Street railway — collision with automobile — contributory negligence.**

> Where a passenger in an automobile on approaching a street inter-
> section, over which street cars are operated, hears a street car coming
> thereon at a high or dangerous rate of speed, it is a question for the
> jury whether, in the exercise of ordinary care, he should have warned
> the driver of the automobile, and whether a failure so to warn con-
> tributed to the collision, then occurring between the automobile and
> street car.

Action in the district court for Ramsey county to recover $3,460 for injuries received in a collision between an automobile and a street car. The case was tried before Converse, J., and a jury which returned a verdict for defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Edgerton & Dohs*, for appellant.

*W. D. Dwyer* and *F. D. McCarthy*, for respondent.

HOLT, J.

The action is to recover damages for injuries received in a collision between defendant's street car and an automobile in which plaintiff was riding. Defendant had a verdict and plaintiff appeals from the order denying a new trial.

The evidence was such that the jury could find either way on the issue of defendant's negligence. The court also submitted the defense of plaintiff's contributory negligence. This furnishes the only basis for the appeal. There was no direct testimony offered by defendant to establish negligence on the part of plaintiff; but the answer alleged it as a de-

[1]Reported in 165 N. W. 273.

fense, and if there was evidence on that issue, no matter by whom adduced, no error occurred in submitting the same to the jury.

Plaintiff, on the day of the accident, was invited to ride in a Ford automobile owned and driven by his brother. It was early in the afternoon of a windy and cold November day. The ground was bare and dry. Another person sat in the front seat with the driver. Plaintiff was alone in the back seat. They drove south on Lexington, a paved street running north and south in the city of St. Paul, and were approaching Rondo, a street running east and west, along which, upon double tracks, defendant operates street cars. There is a 4 per cent down grade from Dunlap to Lexington. Dunlap is the first street west of Lexington, and runs parallel thereto. Plaintiff's evidence tended to show that the automobile was moving at the rate of from 15 to 20 miles an hour when nearing the street car tracks. The top of the machine was up, and also the side curtains for the rear seat, but the front view of plaintiff was unobstructed, and there was a chance to obtain a side view through the usual isinglass placed in the side curtains. There is a cut in Rondo street as it approaches Lexington, but the driver of the automobile saw the street car coming from the west as he was within 90 feet of Rondo. Plaintiff testified that he did not see the street car but he heard it. He said: "I heard [it] coming very fast." He made no attempt to notify the driver of this fact. Whether he heard the car so coming before it was in view of those in the front seat does not appear clearly; the jury might draw the inference that he ascertained the situation in time to warn his brother and thereby avert a collision. It is common knowledge that persons in the rear seat of an automobile are in better position to hear the approach of other vehicles than those in the front seat, owing to the fact that they are farther removed from the noise of the automobile engine. Under these circumstances, it cannot be said as a matter of law that reasonable men might not conclude that an ordinarily prudent person hearing the rapid approach of the street car would have made an outcry, and that the failure to so do contributed to the collision.

Plaintiff relies upon McDonald v. Mesaba Ry. Co. 137 Minn. 275, 163 N. W. 298. But the facts are not similar. There the plaintiff had no knowledge of the approach of danger, in fact she had no reason to expect

the coming of an electric car at that time; she was in a public conveyance, her back was toward the danger, and she had no opportunity to look out because of the frosted condition of the windows in the bus. In that case, after reviewing the authorities, it is stated that "usually the question of the passenger's personal negligence is considered one of fact for the jury."

In the argument it was asserted that plaintiff knew his brother to be a careful driver. We fail to find any testimony to that effect. The brother testified that he had driven a machine for 8 or 10 years, but his statement that he "sometimes" slowed up at street intersections hardly tends to prove that long experience will produce careful drivers.

The appellant contends that imputed negligence is a constituent element of contributory negligence and because no allusion thereto was made in the charge the jury were misled. We do not see how that can be, for the jury were told that if the driver's negligence was found to be the sole cause of the collision there could be no recovery. This excludes the idea that the driver's contributory negligence could under any circumstances be a defense in this case. The charge in respect to contributory negligence was confined strictly to the conduct of plaintiff, leaving no room for a suggestion that the jury might in that connection consider the acts or omissions of the driver. Moreover, if any specific instruction was deemed necessary to caution the jury against imputing the conduct of the driver of the automobile to plaintiff, a request therefor should have been made to the court. This was not done.

Order affirmed.