## SINNIE LOWE v. ARMOUR PACKING COMPANY.[1]

### April 22, 1921.

### No. 22,209.

**Damages — burden of proving extent and duration of injury.**

1. In a suit for personal injuries the burden is on the plaintiff to show with reasonable certainty the nature, extent and probable duration of his injuries.

**Same — verdict will not be sustained because subjective symptoms indicate existence of ailment.**

2. Where the objective symptoms indicate that a full recovery has been made, a large verdict cannot be sustained on the ground that sub-

[1] Reported in 182 N. W. 610.

jective symptoms described by the plaintiff indicate a continuance of ailments resulting from the injuries, unless the evidence furnishes a basis for determining, with reasonable certainty, the future consequences to be apprehended from such ailments and for saying that they will continue for a considerable time.

**Verdict of $2,500 reduced to $1,500.**

3. The verdict is *held* to be excessive and a new trial is granted, unless plaintiff shall consent to reduce it to the sum of $1,500.

Action in the district court for Hennepin county to recover $10,300 for injuries caused by the negligent use of defendant's motor vehicle. The answer alleged contributory negligence on the part of plaintiff. The case was tried before Steele, J., who when plaintiff rested and at the close of the testimony denied defendant's motion for a directed verdict or dismissal of the action, and a jury which returned a verdict for $2,500. From an order denying its motion for a new trial provided plaintiff consented to a reduction of the verdict to $1,500, defendant appealed. Affirmed.

*A. A. Tenner,* for appellant.

*Olof L. Bruce* and *B. W. Wilder,* for respondent.

TAYLOR, C.

Plaintiff had a verdict of $2,500 for injuries sustained in an automobile collision, and defendant appeals from an order refusing a new trial. Defendant rests its appeal on the claim that the verdict is excessive.

At a street intersection in the city of Minneapolis, defendant's truck struck the side of an automobile in which plaintiff was riding. Plaintiff and a companion were in the rear seat, her companion being on the side struck by the truck. Plaintiff was evidently thrown against the back of the front seat and then fell or slid into the bottom of the automobile between the seats, although neither she nor any of the other witnesses were able to state exactly what happened. She was taken to a hospital where a dry bandage was placed around her head over a lump or swelling which had formed on her forehead, and she was then taken home. The next day she called another physician, who found that a contusion on her forehead had produced a lump between her eyes and had caused the upper part of her face to turn black and blue; also that two teeth had been

.148 M.—30.

loosened (which were removed some months later) ; and also that she had sustained a bruise on her right knee which caused a black and blue spot about the size of a hand and another bruise on her left hip which caused a black and blue spot about twice that size. She complained of pain and soreness in the region at the lower end of the sternum and pit of the stomach and in the lower part of her back, also of nervousness and inability to sleep. The doctor gave her a sedative and a lotion with which to bathe her knee. He called once or twice afterward and communicated with her a few times by telephone. This was the extent of the medical attention she received.

Some months before the trial she was examined by an expert engaged by defendant; a few days before the trial she was examined by another expert engaged by herself. The testimony of both was the same in substance, and to the effect that, in their opinion, plaintiff had suffered no structural, functional or permanent injuries, and that the objective symptoms ascertained by their own examination would lead to the conclusion that no abnormal condition then existed. She testified that she did not become able to do her housework until some six months after the accident; that she has had dizzy spells ever since the accident, which she attributes to the injury at the pit of her stomach; that her back still troubles her when at work, although she suffers no pain when quiet, and that she has a prickling sensation in her knee whenever she kneels upon it. These include the principal subjective symptoms to which she testifies. Her expert states that these subjective symptoms would indicate nervous disturbances which may have resulted from the nervous shock occasioned by the accident, and that he would also assume from them that there had been a strain in the knee joint and in the back. He further states that he examined various nerves and nerve trunks, but found nothing wrong with them nor any loss of sensation, and did not consider the condition described by her permanent, but was unable to give any estimate as to how long it might continue.

The objective symptoms disclosed only superficial injuries, from which plaintiff seems to have made a fairly complete recovery, save for the loss of the two teeth. The nature, extent and probable duration of the injuries and nervous disturbances, inferable from the subjective symptoms, are too uncertain and conjectural to form the basis for any large

verdict. To entitle a plaintiff to damages for the apprehended continuance in the future of the consequences of an injury, the burden is on him to show with reasonable certainty that such consequences now exist and will continue in the future, and the nature and probable duration thereof. "Future consequences which *may* or *are likely* to result from the injuries are too speculative to be considered." Olson v. Chicago, M. & St. P. Ry. Co. 94 Minn. 241, 102 N. W. 449; L'Herault v. City of Minneapolis, 69 Minn. 261, 72 N. W. 73; McBride v. St. Paul City Ry. Co. 72 Minn. 291, 75 N. W. 231.

One of the difficult questions presented in personal injury cases, is the effect to be given to subjective symptoms, the existence of which is established only by the testimony of the person concerned. This question was considered at some length in Johnson v. Great Northern Ry. Co. 107 Minn. 285, 119 N. W. 1061; Kitman v. Chicago, B. & Q. R. Co. 113 Minn. 350, 129 N. W. 844; and Haugen v. Northern Pacific Ry. Co. 132 Minn. 54, 155 N. W. 1058. In the Haugen case the plaintiff testified that her head was injured and her memory affected; that she had frequent headaches; that her back and side pained her, and that she could not walk straight. The court said: "The jury were asked to diagnose plaintiff's physical condition, to make a prognosis of her future, and to determine the cause of her ailments. We are of the opinion that they could not reasonably do so. They could only speculate as to these important matters." The court further observed: "Courts must exercise much circumspection in sustaining large verdicts in cases where no injury can be seen, and where the word of the person injured is the only evidence of its extent." A verdict for $3,000 was set aside and a new trial granted.

In the present case plaintiff sustained injuries for which she is entitled to recover, but the cause, seriousness and probable duration of the continuing consequences of such injuries are not shown with that degree of certainty necessary to justify the allowance of a large sum therefor in the verdict. We are of opinion that the verdict is excessive, and it is set aside and a new trial granted, unless, within ten days after the filing of the remittitur in the district court, plaintiff shall file a written consent that the verdict be reduced to the sum of $1,500. In the event that such consent is filed within the time stated, the verdict, as so reduced, will stand, and the order denying a new trial will be and is affirmed.