## VICTOR N. GAU v. J. BORGERDING & COMPANY AND ANOTHER.[1]

July 6, 1928.

No. 26,706.

**Reduced verdict for injury to lumbar vertebrae was not excessive.**
   The verdict as reduced by the trial court is not so excessive that this court would be warranted in disturbing it.

Damages, 17 C. J. p. 1097 n. 6.

----

See note in L. R. A. 1915F, 30; 46 A. L. R. 1255.

Defendants appealed from an order of the district court for Stearns county, Roeser, J. denying their motion for a new trial. Affirmed.

*Cobb, Wheelwright, Hoke & Benson* and *Henry H. Sullivan,* for appellants.

*Donohue, Quigley & Donohue,* for respondent.

[1]Reported in 220 N. W. 412.

TAYLOR, C.

Plaintiff recovered a verdict of $25,000 for injuries sustained in an automobile collision on a public highway. Defendants made a motion for judgment non obstante or for a new trial. The court denied the motion for judgment, but granted the motion for a new trial unless plaintiff filed a written consent to reduce the verdict to the sum of $23,500, in which event the motion for a new trial was also denied. Plaintiff filed the written consent. Defendants appealed.

Defendants complain of two statements in the charge to the jury. They were not of much importance and when taken in connection with the charge as a whole cannot be considered as constituting prejudicial error. Except for those criticisms of the charge, defendants rest their appeal on the claim that the verdict as reduced is still excessive.

Plaintiff was 36 years of age, and a telephone lineman earning 50 cents per hour. The fibula or small bone of his right leg was broken, one or two of his ribs were fractured, and he received several cuts and bruises. These had all healed prior to the trial. His most serious injury, and the one urged as justifying the verdict, was a fracture of two or three of his lumbar vertebrae. His physician states that an X-ray photograph shows "a little corner broken off of the body of the first lumbar vertebra, * * * a crack through the transverse process of the second lumbar vertebra * * * on the left side," and "fractures through both transverse processes of the third lumbar vertebra," and that the injury was of a crushing nature. As a result of this injury three of the vertebrae have grown together and will form a continuous solid bone, and will never flex upon each other as they would in their natural condition. The process of growing together was still in progress at the time of the trial, and plaintiff was wearing a strait-jacket or brace to support his back during that process. These three vertebrae will become one segment of his spine about four inches in length, and he will have a stiff back to that extent. There is no claim that the spinal cord was injured. One physician, asked as to what extent plaintiff would be able to use his back, answered: "He probably will be able to use his back to the extent of approximately fifty per cent."

This seems to be the only opinion ventured upon that question. The trial took place six months after the accident. Although these vertebrae had grown together, the bony material uniting them was still being formed and they had not then become a firm and solid single bone or segment, which the doctors say will be their ultimate and permanent condition. To what extent plaintiff will be disabled after these vertebrae become firmly united into one bone or segment capable of supporting the weight of his body is not made clear or definite by the evidence. Uniting three vertebrae into one will lessen the flexibility of plaintiff's body; but the condition which will ultimately result had not developed to the point where its effect upon his ability to follow gainful occupations could be determined with the degree of certainty desirable in such cases. The burden of showing the extent of this disability with reasonable certainty rested upon plaintiff. Olson v. C. M. & St. P. Ry. Co. 94 Minn. 241, 102 N. W. 449; L'Herault v. City of Minneapolis, 69 Minn. 261, 72 N. W. 73; Carson v. Turrish, 140 Minn. 445, 168 N. W. 349, L. R. A. 1918F, 154; Lowe v. Armour Packing Co. 148 Minn. 464, 182 N. W. 610; Carter v. Duluth Yellow Cab Co. 170 Minn. 250, 212 N. W. 413.

The court is of the opinion however that the evidence as to the nature and extent of his permanent injury is such that this court ought not to disturb the verdict as reduced. Consequently the order denying a new trial is affirmed.

HOLT, J. (dissenting).

In view of the uncertainty of the extent of the permanent injury I deem the verdict as reduced excessive.

STONE, J. (dissenting).

There is so much to suggest passion and prejudice on the part of the jury that in my opinion there should be a new trial.