(Opinion published 56 N. W. Rep. 243.)

IDA KORTE *vs.* ST. PAUL TRUST Co. *et al.*

Submitted on briefs June 30, 1893.   Reversed Sept. 7, 1893.

**Area under Sidewalk not a Nuisance.**

The owner of abutting property who has excavated and maintains a properly covered area under the street sidewalk, with the consent of the municipal authorities, is not guilty of maintaining a nuisance.

**Implied License to Put in and Use Coal Hole.**

If the authorities permit the excavation, and also permit it to be used for area purposes for a period of years, with a coal hole in the walk above, properly secured or covered, municipal license to excavate and to maintain the area in that condition will exist by implication. Such continued use will be presumed to be permitted and assented to by city authority, and the area or coal hole will not be regarded as a nuisance maintained by the owner, nor will he be liable in damages for injuries resulting from the careless and negligent removal of a cover of the coal hole by strangers to him, while the premises are in the possession of his tenant.

Appeal by defendant, the St. Paul Trust Company, as executor of the will of Norman W. Kitson, deceased, from an order of the District Court of Ramsey County, *W. D. Cornish,* J., denying its motion for a new trial.

The plaintiff, Ida Korte, was injured by falling into a coal hole in the sidewalk in front of a building owned by the St. Paul Trust Company, in trust for Kitson's estate. She brought this action against this Trust Co., C. G. Lewis Coal Co. and the St. Paul Title Insurance and Trust Co. to recover damages for her personal injuries. The action was dismissed at the trial as to all the defendants except the executor, the St. Paul Trust Company. Against it she obtained a verdict. A new trial was refused and it appeals.

*Harvey Officer*, for appellant.

*Moritz Heim* and *Armand Albrecht*, for respondent.

COLLINS, J. In this action it has been sought to hold several defendants liable for injuries received through neglect in failing to properly keep covered a coal hole in the sidewalk in front of a hotel building, situated on one of the principal streets in the city of St. Paul, erected in 1883, by the late Norman W. Kittson, of whose last will and testament this appellant is executor. The action was dismissed as to the other defendants on the trial, but a verdict was rendered against the appellant as such executor. One Roche had the contract for making all necessary excavations for the building. An ordinance of the city authorized the board of public works to grant permits to make excavations for the purpose of building areas or cellars outside of the property line and into the street, the outside walls of such areas or cellars not to be located more than six feet from the property line. These permits were issuable to lot owners or lessees or tenants, or to a contractor or builder for either, and the real purpose of the two sections of the ordinance, which have been made a part of the record, seems to have been to guard against accidents pending the work of construction. Roche complied with the conditions of the ordinance, and obtained a permit in his own name to excavate in front of the proposed building, and this permit was introduced in evidence. Appellant also offered in evidence duly-certified copies of ordinances passed and approved while the hotel building was in process of erection,—one on June 22, the other August 7, 1883. It may here be observed that the walk in question was not laid until November of that year. The first of the ordinances provided for the election of a building inspector, and regulated the construction of buildings. The manner

in which walls for areas should be built by persons "desirous of utilizing the space" under sidewalks was prescribed in section 72, and also that openings in walks for the admission of coal or light should be covered with certain materials, no smooth surfaces being permitted. It was further provided in this section that, where sidewalks were to be thus used,—that is, for areas,—a permit should first be obtained, specifying the details of construction. The second of these ordinances conferred upon the board of public works the power to grant permits to build outside walls eight feet from the property line, whenever the sidewalk was of sufficient width to allow it. Both of these ordinances were excluded by the court, on plaintiff's objection, counsel for appellant stating that he did not propose to show that permits had been obtained under either. Roche excavated into the street in front of the lot, so that the outside wall was eight, instead of six, feet from the property line, and the area was about ten feet deep. Another contractor laid a substantial stone sidewalk over the excavation, and in this placed a coal hole, with an iron frame and proper cover. We do not understand that the plaintiff's counsel find fault with the original construction of the walk, or of the coal hole, or of the manner in which it was covered, nor do they claim that either became out of repair; so that their client's injuries were the result of negligence on the part of the owner of the property of the character considered in the recent case of *City of Wabasha* v. *Southworth*, 54 Minn. 79, (55 N. W. Rep. 818.) They do attach some importance to the fact that while Roche was actually authorized, according to his permit, to excavate but six feet from the property line, he did excavate eight; but it is apparent that the width of the area had nothing to do with the accident which befell the plaintiff, and the fact that the area was two feet wider than prescribed in the permit contributed not at all to her cause of action, if she had one. Mr. Kittson died in May, 1888, and the appellant became the executor of his last will and testament, as before stated. In 1890 appellant, as such executor, duly rented the premises in question to one Ferris, for the term of three years. In July, 1891, Ferris became insolvent, and, under the statute, made a general assignment for the benefit of his creditors to defendant Title Insurance & Trust Company, which must not be confounded with appellant Trust Company. On Octo-

ber 20, 1891, and while the premises were in the possession and under the control of defendant Title Insurance & Trust Company, as assignee of the lessee, Ferris, the cover of the coal hole was removed by two men, that they might put coal into the area, and, while so uncovered, plaintiff, without fault on her part, stepped into the hole as she was walking along the street, receiving the injuries complained of. The record now before us does not disclose for whom these men were acting when they removed the cover, but they were strangers to appellant executor.

Counsel for plaintiff base her right to recover upon the proposition, tersely stated, that, in the absence of municipal authority, the abutting owner is liable for all injurious consequences resulting from the maintenance of a coal hole in the sidewalk adjacent to his premises, and that there was an entire absence of municipal authority in this case. We cannot assent to the proposition, taken as a whole. The existing right of abutting owners and occupants to make necessary excavations and to maintain areas was recognized in St. Paul as early as 1869, when the ordinance was passed under which Roche secured his permit. We have not been referred to any express authority for the construction of areas, but evidently the council assumed that authority existed, for the ordinance merely regulated the manner in which the work should be done. In authority to build there must necessarily be included a right to maintain the area, and to use it in the ordinary way, and, although coal holes in the walks covering these areas were not expressly mentioned in the ordinance of 1869, it is the fact that not only were such apertures necessary to the proper use of the areas underneath, but that their existence was clearly recognized in the ordinance of June 22, 1883, (section 72,) which simply regulated a right theretofore held by the abutter, by implication, at least, to utilize the space in front of his property line underneath the sidewalk. It did not expressly grant authority to put in coal holes, but seems to have assumed its prior existence. It merely regulated the manner in which they should be covered. The municipal legislation we have referred to, all in force when this walk was built, proceeded upon the assumption that by general usage a municipal license existed to do exactly what was here done,—to make the aperture, and to provide an adequate and suitable cover for it. It has been held

that authority to build and maintain areas may be implied in the absence of any action of the corporate authorities to the contrary, such authorities being aware of the progress of the work. *Nelson* v. *Godfrey,* 12 Ill. 22. To the same effect is *Gridley* v. *City of Bloomington,* 68 Ill. 47. Again, it has been said that what may be deemed a reasonable and proper use of a public or private way depends much on the local situation and much on public usage. The general use and acquiescence of the public is evidence of the right. *O'Linda* v. *Lothrop,* 21 Pick. 292. The owner of abutting premises, who has excavated and maintains an area under a street sidewalk, covered with flagstones, with the consent of the municipal authorities, is not guilty of maintaining a nuisance, so long as it is securely covered; and if the authorities permit the excavation, and that it be used for area purposes continuously for a period of years, with openings properly covered or secured, such continued uses will be presumed to be permitted and assented to by city authority, and such excavation and use will not be regarded as a nuisance maintained by the owner, *Babbage* v. *Powers,* 7 N. Y. Supp. 306, affirmed 130 N. Y. 281, (29 N. E. Rep. 132;) and, to conclude on this point, this court, in *City of Wabasha* v. *Southworth, supra,* placed defendant's liability upon his lack or want of ordinary care in not taking reasonable precautions to keep a hatchway in the walk, in front of a building occupied by a tenant, which led to the cellar, in a proper state of repair, and not upon the ground that an excavation under the walk, made without affirmative municipal license, is *per se* unlawful and a nuisance. The law on the subject, as laid down in the leading case of *Fisher* v. *Thirkell,* 21 Mich. 1, was approved and adopted, which is that areas, when properly and safely made, are not illegal in themselves, although made without any legislative permission or that of the municipal authorities. Their legality, said the court, seems to have always been assumed without showing such special authority or any authority. There are cases to be found in the books which go to the extent of holding that abutting owners making and maintaining areas and cellarways underneath sidewalks are responsible for all injuries resulting from the want of entire safety, although properly constructed, thus making the owner an insurer against all injuries which may arise; but all of these

cases rest upon the principle that such excavations are unlawful in themselves, *ab initio*. Such cases are not in point here. Nor are the facts now presented such as were before us in the Wabasha City Case, where the defendant claimed exemption from liability because his premises were in the possession of a tenant, for the hatchway there involved was in an unsafe condition when the tenant obtained his lease, a condition resulting from natural causes, and which grew worse as time passed. The coal hole into which plaintiff fell was not constructed contrary to legislation on the subject or in disregard of it, nor was it faulty in such construction, nor had it become out of repair. The accident happened while the premises were in the exclusive possession of a tenant, and because of the carelessness of persons who were in no way connected with appellant as agents or servants, or in any other capacity. As the premises were not let with a nuisance upon them, and appellant had nothing to do with the immediate cause of the accident, the estate it represents is not liable in damages to this plaintiff. See *Fisher* v. *Thirkell, supra; Johnson* v. *McMillan*, 69 Mich. 36, (36 N. W. Rep. 803;) *Adams* v. *Fletcher*, 17 R. I. 137, (20 Atl. Rep. 263.)

We do not regard, as before intimated, that there is anything in plaintiff's point that she can recover because Roche carried the outside wall two feet further into the street than was authorized. Evidently, the regulation in respect to the space to be used for areas was for the benefit of the city itself, and a disregard of it, if there was one, did not contribute to plaintiff's injury at all. That the provision respecting distance from the property line at which outside walls should be placed was merely designed for the protection of the city is apparent from reading the ordinance. The wall as built did not interfere with a fire plug, nor with an outer corner of a sidewalk, nor did it encroach upon the street outside the walk. Again, soon after Roche obtained the permit, while the work was in progress, and before the area was completed, the ordinance was amended, practically, so that areas could be built eight instead of six feet from outside to outside. This is just what Mr. Roche did, with the knowledge, evidently, of the building inspector, and the owner of the property continued its use for many years, no objection being made by the authorities. The insistence of counsel for plaintiff that, in any event, this departure from the terms of

the original ordinance made, and, because Roche failed to obtain a new permit covering the excavation of the additional two feet, the whole area became, a public nuisance, is without merit. Order reversed.

(Opinion published 56 N. W. Rep. 246.)