MARY E. L'HERAULT v. CITY OF MINNEAPOLIS and Another.[1]

July 9, 1897.

Nos. 10,619, 10,620—(187, 188).

**Municipal Corporation—Defective Sidewalk—Coal Hole—Evidence.**
   *Held*, in an action brought against the municipality in which the accident occurred and the owner of abutting property to recover for injuries received in falling into a coal hole in the sidewalk, that there was evidence sufficient to support a verdict in plaintiff's favor on the question of defendant's negligence.

**Same—Instructions.**
   Certain assignments of error considered and disposed of.

Action in the district court for Hennepin county against the city of Minneapolis and Philip W. Herzog for personal injuries sustained by plaintiff by reason of an alleged defect in the covering of a coal

[1] Reported in 72 N. W. 73.

hole in the sidewalk in the city of Minneapolis. Plaintiff had a verdict for $500. From orders, Jamison, J., denying their separate motions for a new trial, defendants separately appealed. Affirmed.

Instruction No. 1 requested by defendant Herzog, and refused by the court, was as follows: "That in determining the issues they (the jury) are not to take into consideration the question of whether the cover was fastened from below at the time of the accident, or the fact that it was not so fastened, if such was the fact."

*Frank Healy* and *L. A. Dunn*, for appellant city of Minneapolis.

*M. P. Brewer*, for appellant Herzog.

*O. Tessier* and *Benj. Davenport*, for respondent.

COLLINS, J.

The first and principal inquiry in this case is whether, upon the question of defendants' negligence, there was evidence sufficient to support the verdict in plaintiff's favor. We have no hesitation in holding that there was.

It appeared at the trial that, as plaintiff was walking upon a stone sidewalk in front of a building owned by defendant Herzog, she stepped upon the iron cover of a coal hole, which cover tipped on one side, one of her feet going down into the hole, so that she was thrown upon her knees and injured. The cover was circular, 14½ inches in diameter, and its flange, when in place, rested in a shoulder upon the inner rim of a circular iron frame set in the flagstones of the walk, and about two inches in width. A flagstone next to the building and on the side of which the frame was intended to rest, had sunk down somewhat below two other stones in the walk in which the coal hole had been cut, half in each, so that the noise or clinking sound caused by the dropping down and springing up of the frame and cover as pedestrians stepped on and off had been observed for years. It was also shown that the edges of the stones last mentioned, where the points thereof made by the cutting should come together, beside the other stone, were more or less chipped off, or broken away; that these defects had often been noticed by passers-by, had existed for a long time, and had been seen by the agent in charge of Herzog's premises. It also appeared that at the time of the accident the cover would tip over if stepped on upon the side towards these defects, and that for more than two

weeks previously it would not stay in place if pushed by the foot, or stepped on, but would slide in the direction just mentioned.   The defendants did not seriously contend to the contrary, but based their defense upon a claim that the cover slid to one side, and tipped, because of a recent accumulation of ice upon the shoulder of the frame, which prevented the flange from dropping down into its place, so that it could not move laterally.

That Herzog constructed the coal hole for the convenience of his abutting property, and that for some reason it became unsafe and dangerous, is not questioned.    That from the evidence the jury was warranted in finding that there was a lack of ordinary care on his part in not taking reasonable precaution to keep it in a safe condition is apparent.   And in considering the question of the duty devolving upon Herzog it is really immaterial whether the cover tipped because of the defects mentioned, or slid and tipped because the ice had gathered on the frame underneath the rim of the cover, or because of both defects and ice, for the evidence warranted the conclusion that the ice accumulated where it did because of the defects.   And, as before stated, that in so far as the frame and cover were affected by the ice, the same condition had existed for more than two weeks.   And certainly, the walk being one much traveled upon, it was for the jury to say, under all of the circumstances, whether, if ordinary care had been exercised on the part of the city, it would not have discovered before the day of the accident that the coal hole with its cover was in a defective and dangerous condition.

While upon this branch of the case it may be observed that defendant Herzog offered no testimony tending to show that the coal hole or the area into which it opened were constructed by any municipal license or authority.   But the trial proceeded and was submitted upon the theory that the aperture and the area were lawfully built, and that ordinary care only was required of Herzog. No claim was made that he was liable for all injuries resulting from a maintenance of the hole in the walk.   Of course he does not complain because his liability was not measured by a stricter rule than that of ordinary care, as possibly it might have been.   See Korte v. St. Paul, 54 Minn. 530, 56 N. W. 246.

One of plaintiff's medical attendants, while being questioned concerning the condition of a bone which she claimed had been injured in the accident, was asked by her counsel if the place so injured was not "a possible seat for future pain." The court below overruled an objection to this question, which it should have sustained. The law is that, to entitle a plaintiff to recover present damages for apprehended future consequences, there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury. Strohm v. New York, 96 N. Y. 305. But the question was not answered, and hence there is no reversible error. Instead of answering, the witness stated as a fact that when a bone or its membraneous covering is inflamed, the seat of this inflammation is liable to be painful, especially in changeable weather.

Without objection, plaintiff was allowed to show that both before and after the accident the cover had been tied down by a rope or wire fastened to a staple on the under side, and extended down through the aperture to some stationary object in the area to which the rope or wire was attached. From the way in which the cover tipped as plaintiff stepped upon it, and from other testimony, it seems evident that the cover was not fastened at that time. In view of these facts, and the allegation in the complaint that Herzog permitted the coal hole and its cover to get out of repair, and to remain in an unsafe condition, the court ruled correctly when it refused defendant's instruction No. 1.

We are of the opinion that the remaining assignments of error need no special consideration.

Both orders affirmed.