BAILEY, ADMINISTRATRIX, *v.* COLUMBIA GROCERY COMPANY.

[No. 10,002. Filed November 5, 1919. Rehearing denied January 30, 1920. Transfer denied March 16, 1920.]

1. MUNICIPAL CORPORATIONS.—*Obstruction of Sidewalk.—Personal Injuries.* — *Instructions.* — *Applicability.* — In an action against a grocery company for the death of a pedestrian caused by the negligence of defendant in placing and leaving an obstruction on the sidewalk in front of its store, the complaint being based on negligence, an instruction as to the right of de-

Bailey, Admx., *v.* Columbia Grocery Co.—73 Ind. App. 58.

fendant to repair the sidewalk, and to temporarily obstruct it, *held* within the issues and pertinent to the evidence.   p. 65.

2. MUNICIPAL CORPORATIONS.—*Excavation in Street.—Negligence Per Se.*—An excavation made in a street for private purposes is a nuisance *per se,* if made without the consent of the municipality, but if made with such consent, it does not become a nuisance until it renders the street dangerous, and the author is only bound to exercise ordinary care and diligence to maintain it in a safe condition.   p. 66.

3. MUNICIPAL CORPORATIONS.—*Rightful Obstruction in Street.— Care Required.*—Where an obstruction is rightfully placed in a street, the party placing it must take due precautions not to injure any person lawfully using the street for public travel. p. 66.

4. MUNICIPAL CORPORATIONS.—*Obstruction in Sidewalks.—Personal Injuries.—Instructions.—Repair of Sidewalk.*—In an action against a grocery company for the death of a pedestrian who was injured by stumbling over a platform placed on the sidewalk in front of defendant's premises to protect those using the walk against holes in a grating until it could be repaired, an instruction as to defendant's right and duty to repair the sidewalk *held* proper.   p. 67.

5. MUNICIPAL CORPORATIONS.—*Obstruction in Sidewalk.—Personal Injuries.—Instructions.—Duty to Warn Pedestrians.*—In an action against a grocery company for the death of a pedestrian who stumbled over a platform placed on the sidewalk in front of defendant's premises to protect those using the walk against a defective grating, an instruction that, if the sidewalk was so well lighted that a traveler by the exercise of reasonable care could have seen the platform in time to have avoided injury from it, defendant would be excused from giving any other warning of the platform, was proper, and not objectionable as invading the province of the jury.   p. 67.

6. MUNICIPAL CORPORATIONS.—*Obstruction in Sidewalk.—Personal Injuries.—Instructions.—Contributory Negligence.*—In an action against a grocery company for the death of a pedestrian who was injured by stumbling over a platform placed over a defective grating in the sidewalk in front of defendant's premises, an instruction that, if the platform was in plain view, but decedent failed to observe its location and to use ordinary care to avoid it, he was negligent, is not objectionable as being misleading or as invading the province of the jury.   p. 67.

7. DEATH.—*Wrongful Death.—Action.—Instruction.—Cause of Death.*—In an action for wrongful death, an instruction that evidence that decedent was suffering from certain chronic ailments should be considered only in estimating the amount of

damages, unless such ailments were the proximate and immediate cause of death, was not objectionable as authorizing the jury to consider evidence of such ailments on the issue of the right to recover, as well as on the questions of the amount of the recovery, or as authorizing a finding against plaintiff if such ailments were the immediate cause of death, even though the injury concurred in causing and accelerating death.   p. 67.

8. MUNICIPAL CORPORATIONS.—*Obstruction in Sidewalk.—Personal Injuries. — Instructions. — Negligence.* — In an action against a grocery company for the death of a pedestrian who was injured by stumbling over a platform placed over a defective grating in the sidewalk in front of defendant's premises, a requested instruction that one placing or leaving a dangerous obstruction on a sidewalk unguarded is liable to one injured thereby, omitting the element of reasonable care on the part of the person so placing the obstruction, *held* properly refused. p. 68.

From Marion Superior Court (98,932) ; *V. G. Clifford,* Judge.

Action by Sarah Alice Bailey, administratrix of the estate of Allen H. Bailey, deceased, against the Columbia Grocery Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Beckett & Beckett* and *William F. Elliott,* for appellant.

*J. W. Fesler, Harvey J. Elam* and *Howard S. Young,* for appellee.

McMAHAN, J.—The appellant brought this action against appellee to recover damages for the death of her husband, Allen H. Bailey, alleged to have been caused by the negligence of appellee in placing and leaving an obstruction on the sidewalk in front of its store on Illinois street in the city of Indianapolis. There was a trial by jury which resulted in a general verdict for appellee together with answers to interrogatories. Judgment was rendered on the general verdict for the appellee.

The facts as shown by the interrogatories and an-

swers are as follows, viz.: The appellee occupied a grocery store at the southeast corner of Market and Illinois streets in the city of Indianapolis, and in connection with the store had an area extending from the cellar out under the sidewalk and covered by an iron grate with places for round pieces of glass. A few weeks before the accident, the appellee had repaired this grate by putting glass in all the places. On the day before the accident, the appellee discovered that some of the glass was out, and, for the purpose of protecting pedestrians against injuries on account of stepping into the holes in said grating, placed a platform over it, and over this platform appellant's decedent stumbled. The sidewalk at this point was about fourteen feet wide, and the platform about four feet long, three and one-half feet wide and one and one-half inches thick. Three edges of the platform were beveled so that the perpendicular edge thereof was only about an inch high from the edge of the bevel to the lower edge of the platform. The unbeveled edge was placed against the building. The appellee at the time of placing this platform ordered permanent repairs made. At the time of the accident the platform was in place over the holes in the grating, and the sidewalk was in good condition for a distance of eleven feet between the curb and the platform. There was an electric arc light about fifty feet northwest of the platform, and a large electric light about fifteen feet south of the platform and other lights in store windows, so that it was sufficiently light for a pedestrian to easily see the platform by looking at it. The sidewalk at the time of the accident was filled with pedestrians.

In addition to the facts disclosed by the answers of the jury to the interrogatories, the evidence in substance disclosed the following facts, viz.: About 7:30 p.m. December 12, 1914, Allen H. Bailey, in passing appellee's store, stumbled over the platform, and in falling

fractured his hip, as a result of which he died December 31, 1914. He was fifty-six years old at the time of his death and had been engaged in the restaurant business. During life he had been troubled with nervous dispepsia and indigestion. An autopsy was had, and there is some evidence to the effect that the transverse colon was dilated; that some pus was found in the bladder; that the heart was in a condition of brown atrophy caused by age or chronic disease; that the walls of the heart were thinner than normal; that the aorta had dilated and had slightly raised patches which indicated a fatty change, and which could not have taken place entirely after the accident; that the aorta was affected with arterio sclerosis, or hardening of the arteries, that would naturally shorten life. The cartilages fastening the ribs to the sternum were hardened with lime which indicated advanced age, or prematurely aged. The kidneys were smaller than normal, dark red, with scars indicating chronic initial nephritis. The pancreas was smaller than normal and imbedded in fat, lessening the amount of pancreatic juice secreted, and decreasing or diminishing the ability to digest food. The surface of the liver was granular, covered with ridges, yellowish in color, and showing fat. The stomach was flabby. It had fat in it, indicating slow circulation, which might or might not mean disease. His lungs were congested in the posterior region occasioned by reason of his having to lie on his back. He had hypostatic pneumonia. When a person is in a helpless condition, hypostatic pneumonia is usually the final cause of death, and was so in this case. A fractured femur is not considered a fatal injury. Mr. Bailey's eyes were defective to the extent that in reading he used glasses, but was not required to, and did not, use them while on the street. On the evening of the day before the accident he and his wife passed in front of appellee's store, at which time

appellant stumbled over said platform and would have fallen had not her husband caught her.   The size of the holes in the grating occasioned by the broken glass is not shown to a certainty.   Two witnesses testified as to the size of the glass.   One witness said they were two and five-eighth inches in diameter, while another said they were from one inch to one and one-fourth inches in diameter.   From eight to twelve of them were broken and out when the appellee placed the platform over the grating.

Appellant filed a motion for a new trial in which the reasons assigned relate to the giving of the eighth, ninth and eleventh instructions; the refusal to give instruction No. 6 requested by appellant; that the verdict is not supported by sufficient evidence, and is contrary to law.

The appellant contends that the court erred in giving each of the following instructions:

"(8) The owner or tenant occupying property abutting upon a sidewalk has, as incident to such ownership or occupancy, rights and duties beyond those allowed or owing by the ordinary traveler on such sidewalk. Among such rights is that of repairing the sidewalk, and if necessary he may to that end temporarily obstruct or close a part of such sidewalk by placing thereon material or other things suitable for that purpose, but, in so doing, he must exercise care for the safety of those using such sidewalk commensurate with the requirements of the location and surroundings.   And if you believe from a preponderance of the evidence in this case that the platform over which plaintiff's decedent stumbled, if you find that he did stumble, was placed there by the defendant as a method of temporarily guarding certain defects in the sidewalk in front of the premises occupied by it, and that it was a reasonably safe method of temporarily guarding such defects, and that the platform was not maintained on said sidewalk an unneces-

sary or unreasonable length of time, then that act would not in itself constitute negligence. And if you find that the portion of the sidewalk where said platform was placed was so well lighted that one using the sidewalk could by the exercise of ordinary care have seen the platform in time to have avoided injury from it, that fact, if you find it to be a fact, would excuse the defendant from giving other warning of the presence of the platform and the obstruction of the sidewalk thereby.

"(9) If you believe from the evidence that the platform over which the plaintiff's decedent stumbled was in plain view where it could be seen by anyone exercising ordinary care with reference to his surroundings, but that plaintiff's decedent failed to observe its location and use ordinary care to avoid it, then he was guilty of such contributory negligence that your verdict in this case should be for the defendant.

"(11) Evidence has been admitted tending to show that the decedent, Allen H. Bailey, was suffering from chronic ailments at the time of his injury. Such evidence should be considered by you in estimating the amount of damages you will allow, if any, and only for that purpose, unless you find from a preponderance of the evidence that such chronic ailments, and not the accident, were the proximate and immediate cause of his death."

The first objection urged to instruction No. 8 is that it invades the province of the jury in stating that, if there was sufficient light to enable one to see the obstruction, this rendered it unnecessary to have any guard or other protection; (2) that it was outside the issues and not pertinent to the evidence; (3) that an abutting owner has no right or duty to repair a sidewalk, and obstruct it for that purpose, and that the obstruction of the sidewalk by appellee for the purpose of repairing was an unlawful trespass and a nuisance.

There is no merit in the second objection. The complaint is based on negligence. The charging part of the complaint is that: "Defendant negligently 1. placed and negligently left upon the said sidewalk * * * a board, platform or runway about four feet square; that said board or platform was a dangerous obstruction upon said sidewalk * * * and plaintiff says that the proximate cause of the death of her decedent was the said *negligence* of the defendant in placing and leaving said board, platform or runway on said sidewalk." The case was tried upon the theory of negligence as alleged in the complaint. The instructions tendered by appellant and those given by the court were given on that theory.

The appellant requested that the court instruct the jury that: "This action is based upon negligence" and that "any person who fails to use ordinary care in placing or leaving an obstruction upon said sidewalk, that is liable or likely to cause a pedestrian using said sidewalk in the exercise of ordinary care to trip or stumble over the same, and fall and injure himself, is guilty of negligence." And that if appellee placed the alleged obstruction upon the sidewalk as alleged in the complaint, and, "in so doing it failed to exercise the care of an ordinarily prudent person under the circumstances, and that plaintiff's decedent while exercising ordinary care was injured thereby," the verdict should be for the plaintiff.

The appellant now contends that in cities such as Indianapolis an abutting owner is under no duty to keep a sidewalk in repair; that the appellee had no more right to obstruct the sidewalk for that purpose than any other citizen, and that its act in so doing was a nuisance and negligence *per se*.

In view of the fact that no such contention was presented on the trial, we do not deem it necessary to enter

into an extended discussion of the rights and duties of an abutter relative to the construction and repair of sidewalks. The general rule in this state is that any excavation made in a street for private purposes is a nuisance *per se*, if made without the consent of the municipality, but, if it is made with such consent, it does not become a nuisance until it renders the street dangerous, and the author is only bound to exercise ordinary care and diligence to maintain it in a safe condition. He is answerable only for his own negligence. *Wickwire* v. *Town of Angola* (1891), 4 Ind. App. 253, 30 N. E. 917, citing with approval, *Fisher* v. *Thirkell* (1870), 21 Mich. 1, 4 Am. Rep. 422; *Dickson* v. *Hollister* (1889), 123 Pa. 421, 16 Atl. 484, 10 Am. St. 533. When an obstruction is rightfully placed in a street, the party so placing it there must take "due precautions not to injure any person lawfully using the street for public travel." *Senhenn* v. *City of Evansville* (1895), 140 Ind. 675, 678, 40 N. E. 69.

There was no claim in the trial court that the area under the sidewalk, or that the grating in the sidewalk, had been constructed and maintained unlawfully. The only claim was that appellee was negligent in placing the platform on the sidewalk. This appeal will therefore be decided upon the theory of negligence.

As to the rights and duties of an abutter, see *Kenyon* v. *City of Indianapolis* (1872), Wils. 129; *City of Elkhart* v. *Wickwire* (1882), 87 Ind. 77; *McNaughton* v. *City of Elkhart* (1882), 85 Ind. 384; *City of Ft. Wayne* v. *DeWitt* (1874), 47 Ind. 391; *Robbins* v. *Chicago City* (1866), 4 Wall. 657, 18 L. Ed. 427; *Fisher* v. *Thirkell, supra; Gridley* v. *Bloomington* (1873), 68 Ill. 47; *Jennings* v. *Van Shaick* (1888), 108 N. Y. 530, 15 N. E. 424, 2 Am. St. 459; *Babbage* v. *Powers* (1891), 130 N. Y. 281, 29 N. E. 132, 14 L. R. A. 398; *Jorgensen* v.

*Squires* (1895), 144 N. Y. 280, 39 N. E. 373; *City of Wabasha* v. *Southworth* (1893), 54 Minn. 79, 55 N. W. 818; *Korte* v. *St. Paul Trust Co.* (1893), 54 Minn. 530, 56 N. W. 246; 3 Dillon, Mun. Corp. (5th ed.) §1180.

Said instruction No. 8 when applied to the pleadings and evidence in this case is not subject to the objections urged against it. It was proper for the court to instruct the jury as to the rights and duty of the appellee to repair the sidewalk in front of its property.

The court properly instructed the jury that, if it was so well lighted that a traveler on the sidewalk could by the exercise of reasonable care have seen the platform in time to have avoided injury from it, appellee would be excused from giving any other warning of the platform. The question as to whether appellant's decedent could, in the exercise of ordinary care, have seen the platform in time to have avoided being injured was left to the jury to determine. Appellant contends that No. 9 is misleading and invades the province of the jury, but appellant has wholly failed to state wherein it is misleading or where it invades the province of the jury. The question of appellee's negligence was by it left for the jury to determine. We see no objection to it, and hold that there was no error in giving it. Appellant contends that instruction No. 11 is erroneous for the reason that it authorized the jury to consider evidence of chronic ailments of the deceased on the issue of the right to recover as well as on the question of the amount of recovery. It is also contended that this instruction authorized the jury to find against appellant if such ailments were the immediate cause of death, even though the injury complained of concurred in causing and accelerating his death. We do not so construe the instruction. It is not open to the objec-

tions pointed out. Appellant next contends that the court erred in refusing to give instruction No. 6 tendered by her, which reads as follows: "Sidewalks of a city are intended for the use of all pedestrians, those with defective eyesight as well as those with perfect eyesight, and any person who places or leaves a dangerous obstruction unguarded on sidewalk which is likely and.liable to trip and injure pedestrians with defective eyesight, while in the exercise of ordinary care, is guilty of negligence."

The court at the request of appellant instructed the jury that: "Any person who fails to use ordinary care in placing or leaving an obstruction upon said sidewalk that is liable or likely to cause a pedestrian using said sidewalk in the exercise of ordinary care to trip or stumble over. the same and fall and injure himself is guilty of negligence, and is liable to said pedestrian so using said sidewalk in the exercise of ordinary care, who so trips upon said obstruction and falls and is thereby injured as a proximate cause thereof."

The instructions given by the court, when applied to the issues and evidence, correctly informed the jury that the duty of a person in placing an obstruction on a sidewalk was to use ordinary care. Instruction No. 6 as tendered omitted the element of reasonable or ordinary care, and made the person placing the obstruction on the sidewalk an insurer against accident, even though he might have exercised due care in placing such obstruction on the sidewalk. There was no error in refusing this instruction.

Appellant also contends that the verdict is not sustained by sufficient evidence, and is contrary to law, for the reasons that the appellee was under no duty to keep the sidewalk and grating in repair and, having placed the platform on the sidewalk without permission from the city, it is liable to a pedestrian injured thereby, even

NOVEMBER TERM, 1919.     69

Louisville, etc., Traction Co. *v.* Jennings—73 Ind. App. 69.

though appellee used all possible care to make it safe. We have fully discussed this subject in considering the instructions, and hold that the verdict is sustained by sufficient evidence and is not contrary to law.

No reversible error appears.   Judgment affirmed.